1  Joshua K. Merkel (SBN: 249877)
   Joshua B. Swigart (SBN: 225557)
2  **HYDE & SWIGART**
   411 Camino Del Rio South, Suite 301
3  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
4  Facsimile: (619) 297-1022

5  Douglas J. Campion, Esq. (SBN: 75381)
   **LAW OFFICES OF DOUGLAS J. CAMPION**
6  411 Camino Del Rio South, Suite 301
   San Diego, CA 92108
7  Telephone: (619) 299-2091
   Facsimile: (619) 858-0034

8
   Attorneys for Plaintiff
9  Tricia Leckler



10

11  ## UNITED STATES DISTRICT COURT

12  ## NORTHERN DISTRICT OF CALIFORNIA

13

14  **TRICIA LECKLER, ON**              **CASE NO.:** _____
    **BEHALF OF HERSELF AND**
15  **ALL OTHERS SIMILARLY**            **CLASS ACTION**
    **SITUATED,**
16
                                        **COMPLAINT FOR DAMAGES**
17       **PLAINTIFFS,**                **AND INJUNCTIVE RELIEF**
                                        **PURSUANT TO 47 U.S.C. § 227**
18  **V.**                              ***ET SEQ.* (TELEPHONE**
                                        **CONSUMER PROTECTION**
19                                      **ACT)**
    **CASHCALL, INC.,**
20
         **DEFENDANT.**                 **[JURY TRIAL DEMANDED]**
21

22                            ### INTRODUCTION

23  1.  Tricia Leckler ("Plaintiff") brings this action for damages, and any other

24      available legal or equitable remedies, resulting from the illegal actions of

25      CashCall, Inc., ("Defendant"), in negligently, knowingly, and/or willfully

26      contacting Plaintiff on Plaintiff's cellular telephone, in violation of the

27      Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"),

28      thereby invading Plaintiff's privacy.



---

1

## JURISDICTION AND VENUE

2   2.  Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks

3      up to $1,500 in damages for each call in violation of the TCPA, which, when

4      aggregated among a proposed class number in the tens of thousands, exceeds

5      the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff

6      alleges a national class, which will result in at least one class member

7      belonging to a different state.   Therefore, both elements of diversity

8      jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are

9      present, and this Court has jurisdiction.

10  3.  Venue is proper in the United States District Court for the Southern District

11     of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the

12     events giving rise to Plaintiff's causes of action against Defendant occurred

13     within the State of California and the County of San Diego.

14

## PARTIES

15  4.  Plaintiff is, and at all times mentioned herein was, an individual citizen of

16     the State of California, and resident of the County of Alameda.

17  5.  Plaintiff is informed and believed, and thereon alleges, that Defendant is,

18     and at all times mentioned herein was, a corporation whose primary

19     corporate address is in the City of Fountain Valley, County of Orange, State

20     of California, and that Defendant does business in the County of Alameda.

21

## FACTUAL ALLEGATIONS

22  6.  At all times relevant, Plaintiff was an individual residing within the State of

23     California.  Plaintiff is, and at all times mentioned herein was, a "person" as

24     defined by 47 U.S.C. § 153 (10).

25  7.  Defendant is, and at all times mentioned herein was, a corporation and a

26     "person," as defined by 47 U.S.C. § 153 (10).

27   //

28   //

1   8.  Plaintiff is informed and believes, and thereon alleges, that at all times
2       relevant Defendant conducted business in the State of California and in the
3       County of Alameda.

4   9.  Plaintiff is informed and believes, and thereon alleges, that on multiple
5       occasions over numerous days, all prior to the date this Complaint was filed,
6       but sometime after four years prior to the date this Complaint was filed,
7       Defendant contacted Plaintiff on Plaintiff's cellular telephone via an
8       "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

9   10. Plaintiff is informed and believes, and thereon alleges, that during these
10      telephone calls Defendant used "an artificial or prerecorded voice" as
11      prohibited by 47 U.S.C. § 227 (b)(1)(A).

12  11. Plaintiff is informed and believes, and thereon alleges, that the telephone
13      number Defendant called was assigned to a cellular telephone service for
14      which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §
15      227 (b)(1).

16  12. Plaintiff is informed and believes, and thereon alleges, that these telephone
17      calls constituted calls that were not for emergency purposes as defined by 47
18      U.S.C. § 227 (b)(1)(A)(i).

19  13. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not
20      provide express consent to receive calls on Plaintiff's cellular telephone,
21      pursuant to 47 U.S.C. § 227 (b)(1)(A).

22  14. These telephone calls by Defendant were in violation of 47 U.S.C. §
23      227(b)(1).

24                      **CLASS ACTION ALLEGATIONS**

25  15. Plaintiff brings this action on behalf of himself and on behalf of and all
26      others similarly situated ("The Class").

27      //

28      //

CLASS ACTION COMPLAINT FOR DAMAGES                                    PAGE 3 OF 9

1

2   16. Plaintiff represents, and is a member of, The Class, consisting of all persons

3        within the United States who received any telephone call from Defendant to

4        said person's cellular telephone through the use of any automatic telephone

5        dialing system or an artificial or prerecorded voice, within the four years

6        prior to the filing of this Complaint.

7   17. Defendant, its employees and agents are excluded from The Class.   Plaintiff

8        does not know the number of members in The Class, but believes The Class

9        Members number in the tens of thousands, if not more.   Thus, this matter

10       should be certified as a Class action to assist in the expeditious litigation of

11       this matter.

12  18. Plaintiff and members of The Class were harmed by the acts of Defendant in

13       at least the following ways: Defendant illegally contacted Plaintiff and class

14       members via their cellular telephones thereby causing Plaintiff and class

15       members to incur certain cellular telephone charges or reduce cellular

16       telephone time for which Plaintiff and class members previously paid, by

17       having to retrieve or administer messages left by Defendant during those

18       illegal calls, and invading the privacy of said Plaintiff and class members.

19       Plaintiff and The Class were damaged thereby.

20  19. This suit seeks only damages and injunctive relief for recovery of economic

21       injury on behalf of The Class and it expressly is not intended to request any

22       recovery for personal injury and claims related thereto.  Plaintiff reserves the

23       right to expand The Class' definition to seek recovery on behalf of

24       additional persons as warranted as facts are learned in further investigation

25       and discovery.

26  //

27  //

28  //

20. The joinder of The Class members is impractical and the disposition of their claims in The Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

21. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

   b. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

22. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting claims that are typical of The Class. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interests antagonistic to any member of The Class.

//

//

//

//

1    23. Plaintiff and the members of The Class have all suffered irreparable harm as
2        a result of the Defendant's unlawful and wrongful conduct. Absent a class
3        action, The Class will continue to face the potential for irreparable harm. In
4        addition, these violations of law will be allowed to proceed without remedy
5        and Defendant will likely continue such illegal conduct. Because of the size
6        of the individual class member's claims, few, if any, class members could
7        afford to seek legal redress for the wrongs complained of herein.

8    24. Plaintiff has retained counsel experienced in handling class action claims
9        and claims involving violations of the Telephone Consumer Protection Act.

10   25. A class action is a superior method for the fair and efficient adjudication of
11       this controversy. Class-wide damages are essential to induce Defendant to
12       comply with federal and California law. The interest of class members in
13       individually controlling the prosecution of separate claims against Defendant
14       is small because the maximum statutory damages in an individual action for
15       violation of privacy are minimal. Management of these claims is likely to
16       present significantly fewer difficulties than those presented in many class
17       claims.

18   26. Defendant has acted on grounds generally applicable to The Class, thereby
19       making appropriate final injunctive relief and corresponding declaratory
20       relief with respect to The Class as a whole.

21                          **FIRST CAUSE OF ACTION**

22   **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

23                       **47 U.S.C. § 227 *ET SEQ.***

24                    **BY PLAINTIFF AGAINST DEFENDANT**

25   27. Plaintiff incorporates by reference all of the above paragraphs of this
26       Complaint as though fully stated herein.

27   //

28   //

1    28. The foregoing acts and omissions of Defendant constitute numerous and
2        multiple negligent violations of the TCPA, including but not limited to each
3        and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

4    29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*,
5        Plaintiff and The Class Members are entitled to an award of $500.00 in
6        statutory damages, for each and every violation, pursuant to 47 U.S.C. §
7        227(b)(3)(B).

8    30. Plaintiff and the class Members are also entitled to and seek injunctive relief
9        prohibiting such conduct in the future.

10               **SECOND CAUSE OF ACTION**

11        **KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

12          **TELEPHONE CONSUMER PROTECTION ACT**

13                **47 U.S.C. § 227 *ET SEQ.***

14           **BY PLAINTIFFS AGAINST DEFENDANT**

15    31. Plaintiff incorporates by reference all of the above paragraphs of this
16        Complaint as though fully stated herein.

17    32. The foregoing acts and omissions of Defendant constitute numerous and
18        multiple knowing and/or willful violations of the TCPA, including but not
19        limited to each and every one of the above-cited provisions of 47 U.S.C. §
20        227 *et seq.*

21    33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §
22        227 *et seq.*, Plaintiff and each of The Class Members are entitled to treble
23        damages, as provided by statute, up to $1,500.00, for each and every
24        violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §
25        227(b)(3)(C).

26    34. Plaintiff and the Class Members are also entitled to and seek injunctive relief
27        prohibiting such conduct in the future.

28        //

1

**PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The

3  Class members the following relief against Defendant:

4    **FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

5    **THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

6    • As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),

7      Plaintiff seeks for himself and each Class Member $500.00 in statutory

8      damages, for each and every violation, pursuant to 47 U.S.C. §

9      227(b)(3)(B).

10    • Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

11      conduct in the future.

12    **SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION**

13    **OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

14    • As a result of Defendant's willful and/or knowing violations of 47 U.S.C.

15      § 227(b)(1), Plaintiff seeks for himself and each Class Member treble

16      damages, as provided by statute, up to $1,500.00 for each and every

17      violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

18      227(b)(3)(C).

19    • Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

20      conduct in the future.

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

1

**TRIAL BY JURY**

2        Pursuant to the seventh amendment to the Constitution of the United States

3    of America, Plaintiffs are entitled to, and demand, a trial by jury.

4

5    Dated: 8/01/07                          **HYDE & SWIGART**

6                                            By:

7                                            Joshua K. Merkel, Esq.
                                             Attorney for Plaintiff
8

9    Dated: 8/01/07                          **LAW OFFICES OF DOUGLAS J.**
                                             **CAMPION**
10

11
                                             By:
12
                                             Douglas J. Campion, Esq.
13                                           Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28