JESSE S. FINLAYSON, SBN 179443
MICHAEL R. WILLIAMS, SBN 196863
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
Telephone: (949) 759-3810
Facsimile: (949) 759-3812
Email: jfinlayson@faw-law.com
       mwilliams@faw-law.com

Attorneys for Defendant CASHCALL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRICIA LECKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CASHCALL, INC.,<br><br>Defendant. | CASE NO. C 07-04002 MEJ<br><br>DEFENDANT CASHCALL, INC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT) |

Defendant CashCall, Inc. ("CashCall") answers the *Complaint for Damages and Injunctive Relief Pursuant to 47 U.S.C. § 227 Et Seq. (Telephone Consumer Protection Act)* (the "Complaint") filed by Plaintiff Tricia Leckler ("Plaintiff") against it as follows:

**ANSWER TO ALLEGATIONS REGARDING INTRODUCTION**

1. CashCall admits that Plaintiff filed a complaint against CashCall, which commenced this action, and that Plaintiff seeks various relief against CashCall. Except as expressly admitted, CashCall denies the allegations of paragraph 1 of the Complaint and further denies that Plaintiff (or any member of the purported putative class) is entitled to any relief against CashCall in this action.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

2. CashCall denies the allegations of paragraph 2 of the Complaint.

3. CashCall denies the allegations of paragraph 3 of the Complaint.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

4. CashCall admits that Plaintiff is an individual. Except as expressly admitted, CashCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. CashCall admits the allegations of paragraph 5 of the Complaint.

## ANSWER TO FACTUAL ALLEGATIONS

6. CashCall admits that Plaintiff is an individual and that she is a "person" as defined in 47 U.S.C. § 153(32). Except as expressly admitted, CashCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. CashCall admits that it is a corporation and that it is a "person" as defined in 47 U.S.C. § 153(32). Except as expressly admitted, CashCall denies the allegations of paragraph 7 of the Complaint.

8. CashCall admits the allegations of paragraph 8 of the Complaint.

9. CashCall admits that it made certain telephone calls to a number that Plaintiff provided to CashCall and represented was her cellular telephone number. Except as expressly admitted, CashCall denies the allegations of paragraph 9 of the Complaint.

10. CashCall denies the allegations of paragraph 10 of the Complaint.

11. CashCall admits that it made certain telephone calls to a number that Plaintiff provided to CashCall and represented was her cellular telephone number. Except as expressly admitted, CashCall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, on that basis, denies the allegations of paragraph 11 of the Complaint.

12. CashCall admits the allegations of paragraph 12 of the Complaint.

13. CashCall denies the allegations of paragraph 13 of the Complaint.

14. CashCall denies the allegations of paragraph 14 of the Complaint.

## ANSWER TO CLASS ACTION ALLEGATIONS

15. CashCall admits that Plaintiff purports to bring this action on behalf of herself and others allegedly similarly situated. Except as expressly admitted, CashCall denies the allegations of paragraph 15 of the Complaint and further denies that this action is appropriate as a class action or otherwise.

16. CashCall admits that Plaintiff purports to bring this action on behalf of herself and others allegedly similarly situated. Except as expressly admitted, CashCall denies the allegations of paragraph 16 of the Complaint and further denies that this action is appropriate as a class action or otherwise.

17. CashCall admits that Plaintiff purports to bring this action on behalf of herself and others allegedly similarly situated. Except as expressly admitted, CashCall denies the allegations of paragraph 17 of the Complaint and further denies that this action is appropriate as a class action or otherwise.

18. CashCall denies the allegations of paragraph 18 of the Complaint.

19. CashCall admits that Plaintiff purports to bring this action on behalf of herself and others allegedly similarly situated. Except as expressly admitted, CashCall denies the allegations of paragraph 19 of the Complaint and further denies that this action is appropriate as a class action or otherwise and that Plaintiff (or any member of the purported putative class) is entitled to any relief against CashCall in this action.

20. CashCall denies the allegations of paragraph 20 of the Complaint.

21. CashCall denies the allegations of paragraph 21 of the Complaint.]

22. CashCall denies the allegations of paragraph 22 of the Complaint.

23. CashCall denies the allegations of paragraph 23 of the Complaint.

24. CashCall denies the allegations of paragraph 24 of the Complaint.]

25. CashCall denies the allegations of paragraph 25 of the Complaint.

26. CashCall denies the allegations of paragraph 26 of the Complaint.

## ANSWER TO PURPORTED FIRST CLAIM FOR RELIEF

### (Alleged Negligent Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227 *Et Seq.*), By Plaintiff Against Defendant

27. CashCall incorporates by reference paragraphs 1 through 26, inclusive, of this Answer as though set forth in full herein.

28. CashCall denies the allegations of paragraph 28 of the Complaint.

29. CashCall denies the allegations of paragraph 29 of the Complaint.

30. CashCall denies the allegations of paragraph 30 of the Complaint.

## ANSWER TO PURPORTED SECOND CLAIM FOR RELIEF

### (Alleged Knowing And/Or Willful Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227 *Et Seq.*), By Plaintiffs Against Defendant

31. CashCall incorporates by reference paragraphs 1 through 30, inclusive, of this Answer as though set forth in full herein.

32. CashCall denies the allegations of paragraph 32 of the Complaint.

33. CashCall denies the allegations of paragraph 33 of the Complaint.

34. CashCall denies the allegations of paragraph 34 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, CashCall denies that Plaintiff (or any member of the purported putative class) is entitled to any relief against CashCall in this action.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Complaint, CashCall asserts and alleges the following separate and additional defenses, without prejudice to CashCall's right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

1. The Complaint and the purported claims for relief stated therein fail to state facts sufficient to constitute a claim for relief against CashCall.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2. The Complaint and the purported claims for relief stated therein are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of CashCall.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3. The Complaint and the purported claims for relief stated therein are barred in whole or in part as a result of Plaintiff's failure to mitigate her damages, if any.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. Plaintiff is barred from maintaining a class action based on the following grounds: (a) a joinder of all members of the purported class is not impracticable; (b) there are no questions of fact or law common to all purported members of the class; (c) the claims asserted in the Complaint are not "typical" of claims of the purported class; (d) representative parties will not fairly and adequately protect the interests of the purported class; (e) facts common to the purported class do not predominate over questions affecting only individual members; and (f) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

5. Plaintiff lacks standing to bring any of the purported claims for relief alleged in the Complaint as a class action or as representatives of a purported class of "similarly situated" yet unnamed plaintiffs.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

6. CashCall has a right to setoff claims that it has against Plaintiff against any recovery to which Plaintiff becomes entitled by reason of the Complaint (and also with respect to any other purported putative class members who are in default on their loan obligations to CashCall). CashCall hereby incorporates by reference its concurrently filed Counterclaims against Plaintiff in this action as though fully set forth herein.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7. The Complaint and the purported claims for relief stated therein are barred in whole or in part by applicable statute of limitations.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8. The Complaint and the purported claims for relief stated therein are barred in whole or in part by the doctrine of consent.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

9.  The Complaint and the purported claims for relief stated therein are barred in whole or in part by the doctrine of waiver.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

10.  The Complaint and the purported claims for relief stated therein are barred in whole or in part by the doctrine of estoppel.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

11.  The Complaint and the purported claims for relief stated therein are barred in whole or in part by the doctrine of unclean hands.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

12.  The Complaint and the purported claims for relief stated therein are barred in whole or in part by the doctrine of laches.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

13.  The Complaint and the purported claims for relief stated therein are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of CashCall.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

14.  The Complaint and the purported claims for relief stated therein are barred because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom CashCall had no control. The acts of such third parties constitute intervening or superseding causes of the damages, if any, suffered by Plaintiff.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

15.  Certain additional defenses to the Complaint and to the purported claims for relief stated therein may be available to CashCall. However, these additional defenses require discovery before they can be properly alleged. Thus, CashCall reserves the right to assert other separate and additional defenses, and additional counterclaims, if and when they become appropriate in this action.

WHEREFORE, CashCall requests the following relief:

A.  That Plaintiff take nothing by way of the Complaint;

B. For judgment in CashCall's favor and for an award of the costs of suit incurred herein, including attorney's fees to the extent allowed by law; and

C. For such other and further relief as the Court deems just and proper.

DATED: September 5, 2007

JESSE S. FINLAYSON
MICHAEL R. WILLIAMS
FINLAYSON, AUGUSTINI & WILLIAMS LLP

By: /s/ Michael R. Williams
Michael R. Williams

Attorneys for Defendant CASHCALL, INC.

## CERTIFICATION OF INTERSTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: September 5, 2007

JESSE S. FINLAYSON
MICHAEL R. WILLIAMS
FINLAYSON, AUGUSTINI & WILLIAMS LLP


By:_____/s/ Michael R. Williams_____
           Michael R. Williams

Attorneys for Defendant CASHCALL, INC.

Leckler - Answer

# CERTIFICATE OF SERVICE

I, Michelle L. Coppolella, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 110 Newport Center Drive, Suite 100, Newport Beach, California 92660, in said County and State. On September 5, 2007, I served the following document(s):

**DEFENDANT CASHCALL, INC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**

on the parties stated below:

| Counsel for Plaintiff: | Counsel for Plaintiff: |
|---|---|
| Joshua K. Merkel, Esq. | Douglas J. Campion, Esq. |
| Joshua B. Swigart, Esq. | LAW OFFICES OF DOUGLAS J. CAMPION |
| HYDE & SWIGART | 411 Camino Del Rio South, Suite 301 |
| 411 Camino Del Rio South, Suite 301 | San Diego, CA 92108 |
| San Diego, CA 92108-3551 | |

by the following means of service:

[X] **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE:** I provided a true copy of the above-listed document(s) to a messenger, along with an envelope(s) addressed to each person(s) named at the address(es) shown, and gave that document(s) to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

[ ] **BY FACSIMILE:** I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above. The transmission was reported as complete, and no error was reported by the facsimile machine. A copy of the transmission record is maintained by our office.

[ ] **BY UPS—NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Michael R. Williams, a member of the bar of this court, and the foregoing document(s) was(were) printed on recycled paper.

[ ] (STATE)      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (FEDERAL)      I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2007.

                                                  /s/ Michelle L. Coppolella
                                                  Michelle L. Coppolella

Finlayson, Augustini & Williams LLP

DEFENDANT CASHCALL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT