JESSE S. FINLAYSON, SBN 179443
MICHAEL R. WILLIAMS, SBN 196863
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
Telephone: (949) 759-3810
Facsimile: (949) 759-3812
Email: jfinlayson@faw-law.com
       mwilliams@faw-law.com

Attorneys for Defendant and Counterclaimant
CASHCALL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRICIA LECKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CASHCALL, INC.,<br><br>Defendant.<br><br>CASHCALL, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>TRICIA LECKLER, an individual,<br><br>Counterdefendant. | CASE NO. C 07-04002 MEJ<br><br>**DEFENDANT CASHCALL, INC'S COUNTERCLAIMS AGAINST PLAINTIFF TRICIA LECKLER FOR:**<br><br>**(1) BREACH OF CONTRACT, AND**<br>**(2) MONEY HAD AND RECEIVED** |

Defendant CashCall, Inc. ("CashCall") alleges for its Counterclaims against Plaintiff Tricia Leckler ("Leckler") as follows:

1. CashCall is and at all times mentioned herein was a corporation duly organized and in good standing with the State of California, with its principal place of business in the County of Orange, California.

2. On information and belief, Leckler is an individual and resident of the City of San Leandro, County of Alameda, California.

3. This Court has jurisdiction over the subject matter of CashCall's counterclaims pursuant to 28 U.S.C. § 1367.

## FIRST COUNTERCLAIM

### (Breach of Contract)

4. On or about December 19, 2005, Leckler made and delivered to CashCall a promissory note in the principal sum of $2,600 (the "Note"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

5. The consideration set forth in the Note was fair and reasonable.

6. On December 19, 2005, CashCall advanced the sum of $2,575 ($2,600 minus a $75 loan origination fee) to Leckler in accordance with the terms of the Note.

7. CashCall has performed all conditions, covenants, and promises required by it to be performed in accordance with the terms and conditions of the Note.

8. Leckler has not made a payment to CashCall since March 2, 2007, and she has not made the payments due under the Note for the months of January through August 2007 and is, therefore, in breach of the Note.

9. Under the terms of the Note, the entire unpaid amount of principal of $2,226.57 is now due and payable.

10. The Note provides that the borrower shall pay, in the event of default, the costs of collection, including reasonable attorney's fees.

11. CashCall is entitled to an award of its reasonable attorney's fees pursuant to the terms of the Note.

12. CashCall is also entitled to interest on the principal amount at the Note rate pursuant to the terms of the Note from and after January 1, 2007.

13. CashCall is also entitled to late fees pursuant to the terms of the Note.

DEFENDANT CASHCALL, INC'S COUNTERCLAIMS AGAINST PLAINTIFF TRICIA LECKLER

Finlayson, Augustini & Williams LLP

## SECOND COUNTERCLAIM

### (Money Had and Received)

14. CashCall realleges and incorporates by reference each and every allegation contained in paragraphs 4 through 13 above.

15. On December 19, 2005, Leckler became indebted to CashCall in the sum of $2,600 for money loaned by CashCall to Leckler at her instance and request.

16. Leckler is in default on the loan and currently owes CashCall the sum of $2,226.57 plus interest from and after January 1, 2007.

**WHEREFORE**, CashCall demands judgment in its favor and against Leckler as follows:

1. For the principal sum of $2,226.57 together with interest thereon at the Note rate from January 1, 2007, until the date of entry of judgment, and late fees under the Note;

2. For reasonable attorney's fees under the Note;

3. For CashCall's costs; and

4. For such other and further relief as the Court may deem just and proper.

DATED: September 5, 2007

JESSE S. FINLAYSON
MICHAEL R. WILLIAMS
FINLAYSON, AUGUSTINI & WILLIAMS LLP

By: /s/ Michael R. Williams
Michael R. Williams

Attorneys for Defendant and Counterclaimant
CASHCALL, INC.

Leckler - Counterclaims

# EXHIBIT A

TRICIA N LECKLER
16066 CAMBRIAN DR
SAN LEANDRO, CA 94578

Loan Document

# CASHCALL PROMISSORY NOTE AND DISCLOSURE STATEMENT

Account No.: 385735  
Lender: CashCall, Inc.  
Address: 17360 Brookhurst Street  
Fountain Valley, CA 92708

Date of Note: December 19, 2005  
Borrower: TRICIA N LECKLER

## TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate | FINANCE CHARGE  The dollar amount the credit will cost YOU | AMOUNT FINANCED  The amount of credit provided to YOU | TOTAL OF PAYMENTS  The amount you will have paid after all payments are made as scheduled |
|---|---|---|---|
| 89.81 % | $5,915.52 | $2,525.00 | $8,440.52 |

### PAYMENT SCHEDULE

You will make one payment of $280.70 on February 01, 2006.  
You will make 41 monthly payments of $199.02 beginning on March 01, 2006.

**Late Charge:** If a payment is late, you will be charged $15.00.

**Prepayment:** If you pay off this loan early, you will not have to pay any penalty.

Please see the remainder of this document for additional information about nonpayment, default and any required repayment in full before the scheduled date.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Amount Financed: | $2,525.00 |
| Amount Paid to Borrower Directly: | $2,525.00 |
| Prepaid Finance Charge/Origination Fee: | $75.00 |

In this Promissory Note & Disclosure Statement ("Note"), the words "I" and "me" mean the person signing as a borrower. The boxed-in disclosures above are part of the terms and conditions of your agreement with us.

FOR VALUE RECEIVED, I promise to pay to the order of CashCall, Inc., or any subsequent holder of this Note (the "Holder"), the sum of **$2,600.00**, together with interest calculated at **87.00 %** and any outstanding charges or late fees, until the full amount of this Note is paid.

I understand that my payments will be applied first to any outstanding charges or late fees, then to earned interest and finally to principal. The payment schedule described above is only an estimate and may change in the event you do not make all payments as scheduled.

I understand that I may prepay all or any part of the principal without penalty.

I understand that I will be subject to a fee not to exceed the legally permitted amount if any payment I make is returned for non-sufficient funds.

I understand that if I fail to make any payment due hereunder, the Holder of this Note shall have the right, after a 30-day grace period, to declare this Note to be immediately due and payable. I further understand that if I file for an assignment for the benefit of creditors, bankruptcy, or for relief under any provisions of the United States Bankruptcy Code, the Holder of this Note shall have the right to declare this Note to be immediately due and payable.

I understand that in the event that Holder is required to employ an attorney at law to collect any amounts due under this Note, I will be required to pay the reasonable fees of such attorney to protect the interest of Holder or to take any other action required to collect the amounts due hereunder.

I agree that all payments not made within fifteen (15) days of the due date shall be subject to a late fee of $15. Any late fee assessed shall be collected by the Holder on behalf of the Holder and shall inure to the exclusive benefit of the Holder.

The origination fee included in the prepaid finance charge/origination fee disclosed above is fully earned upon loan origination, is not subject to rebate upon prepayment or acceleration of this Note and is not considered interest.

The Holder of this Note may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I hereby, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, or protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.

The rights of Holder hereof shall be cumulative and not necessarily successive. This Note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

This Note is in original format an electronic document fully compliant with the Electronic Signatures in Global and National Commerce Act (E-SIGN) and other applicable laws and regulations, and that the one, true original Note is retained electronically by Holder on behalf of Holder. All other versions hereof, whether electronic or in tangible format, constitute facsimiles or reproductions only.

I understand that I have previously consented to receive all communications from the Holder, including but not limited to, all required disclosures via electronic mail.

I understand and agree that CashCall, Inc. may obtain credit reports on me an ongoing basis as long as this loan remains in effect. I also authorize CashCall, Inc. to report information concerning my account to credit bureaus and anyone else it believes in good faith has a legitimate need for such information.

NOTE TO CALIFORNIA BORROWERS: A married or registered domestic partner applicant may apply for a separate account. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit

obligations. If Holder takes any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**THIS LOAN CARRIES A VERY HIGH INTEREST RATE. YOU MAY BE ABLE TO OBTAIN CREDIT UNDER MORE FAVORABLE TERMS ELSEWHERE. EVEN THOUGH THE TERM OF THE LOAN IS 42 MONTHS, WE STRONGLY ENCOURAGE YOU TO PAY OFF THE LOAN AS SOON AS POSSIBLE. YOU HAVE THE RIGHT TO PAY OFF ALL OR ANY PORTION OF THE LOAN AT ANY TIME WITHOUT INCURRING ANY PENALTY. YOU WILL, HOWEVER, BE REQUIRED TO PAY ANY AND ALL INTEREST THAT HAS ACCRUED FROM THE FUNDING DATE UNTIL THE PAYOFF DATE.**

| | |
|---|---|
| ☑ | I CERTIFY THAT NO PERSON HAS PERFORMED ANY ACT AS A BROKER IN CONNECTION WITH THE MAKING OF THIS LOAN. |
| ☑ | I ATTEST THAT THE CHECK SUBMITTED FOR APPROVAL OF MY LOAN IS FROM A LEGAL, OPEN AND ACTIVE ACCOUNT. THE CHECK IS NOT ALTERED, FORGED, STOLEN OR OBTAINED THROUGH FRAUDULENT OR ILLEGAL MEANS. |
| ☑ | I ATTEST THAT (1) THE PAY STUB THAT I SUBMITTED FOR APPROVAL OF MY LOAN IS A VALID STUB FROM A JOB THAT I CURRENTLY HOLD AND THE STUB HAS NOT BEEN ALTERED OR FORGED IN ANY WAY; OR (2) I WAS NOT REQUIRED TO SUBMIT A PAY STUB TO OBTAIN MY LOAN. |
| ☑ | **I HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND THERETO. I UNDERSTAND AND AGREE THAT MY EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.** |

THIS LOAN IS MADE PURSUANT TO THE CALIFORNIA FINANCE LENDER LAW. **FOR INFORMATION, CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA, LICENSE NO. 603-8780.**

### ELECTRONIC FUNDS AUTHORIZATION AND DISCLOSURE

I hereby authorize CashCall to withdraw my scheduled loan payment from my checking account on or about the FIRST day of each month. I further authorize CashCall to adjust this withdrawal to reflect any additional fees, charges or credits to my account. I understand that CashCall will notify me 10 days prior to any given transfer if the amount to be transferred varies by more than $50 from my regular payment amount. I understand that this authorization and the services undertaken by CashCall in no way alters or lessens my obligations under the loan agreement. I understand that I can cancel this authorization at any time (including prior to my first payment due date) by sending written notification to CashCall. Cancellations must be received at least seven days prior to the applicable due date.

| | |
|---|---|
| ☑ | I UNDERSTAND CASHCALL'S PAYMENT COLLECTION POLICY AND AUTHORIZE ELECTRONIC DEBITS FROM MY BANK ACCOUNT. |

Click here to print out a copy of this document for your records.

# CERTIFICATE OF SERVICE

I, Michelle L. Coppolella, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 110 Newport Center Drive, Suite 100, Newport Beach, California 92660, in said County and State. On September 5, 2007, I served the following document(s):

**DEFENDANT CASHCALL, INC'S COUNTERCLAIMS AGAINST PLAINTIFF TRICIA LECKLER FOR: (1) BREACH OF CONTRACT, AND (2) MONEY HAD AND RECEIVED**

on the parties stated below:

| Counsel for Plaintiff: | Counsel for Plaintiff: |
|---|---|
| Joshua K. Merkel, Esq. | Douglas J. Campion, Esq. |
| Joshua B. Swigart, Esq. | LAW OFFICES OF DOUGLAS J. CAMPION |
| HYDE & SWIGART | 411 Camino Del Rio South, Suite 301 |
| 411 Camino Del Rio South, Suite 301 | San Diego, CA 92108 |
| San Diego, CA 92108-3551 | |

by the following means of service:

[X] **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE:** I provided a true copy of the above-listed document(s) to a messenger, along with an envelope(s) addressed to each person(s) named at the address(es) shown, and gave that document(s) to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

[ ] **BY FACSIMILE:** I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above. The transmission was reported as complete, and no error was reported by the facsimile machine. A copy of the transmission record is maintained by our office.

[ ] **BY UPS—NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Michael R. Williams, a member of the bar of this court, and the foregoing document(s) was(were) printed on recycled paper.

[ ] (STATE)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (FEDERAL)   I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2007.

/s/ Michelle L. Coppolella
Michelle L. Coppolella

Finlayson, Augustini & Williams LLP

4

DEFENDANT CASHCALL, INC'S COUNTERCLAIMS AGAINST PLAINTIFF TRICIA LECKLER