Joshua B. Swigart (SBN: 225557)
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
**LAW OFFICES OF DOUGLAS J. CAMPION**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile:  (619) 858-0034

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRICIA LECKLER,**<br><br>         PLAINTIFF,<br><br>V.<br><br>**CASHCALL INC.,**<br><br>         DEFENDANT. | Case No.: 07-04002 MEJ<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>[Plaintiff Requests Telephonic Appearance]<br><br>[Defendant Requests Telephonic Appearance]<br><br>**HON. MARIA-ELENA JAMES**<br><br>Date:   November 8, 2007<br>Time:  10:00 am |

Plaintiff, Tricia Leckler, ("Plaintiff") and Defendant, CASHCALL INC., ("Defendant') met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure on October 18, 2007 via telephone conference.  The Conference was attended by Joshua Swigart, Esq. and Douglas Campion, Esq. on behalf of Plaintiff and Michael Williams, Esq. on behalf of Defendant.

The parties jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

//

# INTRODUCTION

Plaintiff filed a complaint against Defendant in which she alleged that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by placing telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice. Plaintiff brings this action on behalf of herself and all others similarly situated.

Defendant denies that it violated the TCPA and has asserted counterclaims against Plaintiff for breach of contract and money had and received based on a loan made by Defendant to Plaintiff.

## CIVIL LOCAL RULE 16-9 INFORMATION

1. **Jurisdiction and Service:**

   **Jurisdiction:** Plaintiff contends that jurisdiction of her claims is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state. Therefore, Plaintiff contends that both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. Defendant reserves its rights with respect to whether this Court has subject matter jurisdiction over Plaintiff's claims. Defendant asserts that this Court has jurisdiction over the subject matter of its counterclaims pursuant to 28 U.S.C. § 1367.

   **Service:** All parties have been served.

2. **Facts:**

   **Plaintiff alleges:** Defendant, a debt collector, committed multiple violations of 47 U.S.C. § 227 et seq. including but not limited to: Defendant repeatedly calling Plaintiff's cell phone using an artificial or prerecorded

voice as prohibited by 47 U.S.C. § 227 (b)(1)(A).

**Defendant alleges:** In December 2005, Plaintiff borrowed $2,600 from Defendant and signed a promissory note (the "Note") agreeing to repay the amount she borrowed plus interest. In April 2006, Plaintiff defaulted on her payments under the Note and did so again in June 2006. Plaintiff has not made a payment on the Note since May 2007 and has breached the Note. After Plaintiff defaulted, Defendant began collection activities related to Plaintiff's account, including attempting to contact her by telephone at telephone numbers that Plaintiff voluntarily provided to Defendant (including her cellular telephone number, which Plaintiff provided to Defendant and indicated on several occasions in writing was the number at which Defendant should contact her). To the extent that Defendant made calls to Plaintiff at her cellular telephone number using an artificial or prerecorded voice, Defendant contends that such calls did not violate the TCPA because Plaintiff consented to receiving calls from Defendant at such number. In addition, Defendant does not yet know whether Plaintiff was charged for incoming calls by her cellular telephone service provider.

3. **Legal Issues:**

Under the TCPA, it is "unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii).

   a. Whether Defendant violated the TCPA;

//

//

   b. Whether Plaintiff gave "prior express consent" to Defendant as

contemplated by the TCPA when she provided Defendant with her cellular telephone number;

c. The applicable statute of limitations under the TCPA; and

d. Whether Plaintiff breached her agreement with Defendant.

4. **Motions:**

There are no prior or pending motions. Plaintiff anticipates filing the following motions:

a. Motion for class certification; and

b. Motion for summary judgment.

Defendant will oppose any motion for class certification and/or summary judgment and anticipates filing its own motion for summary judgment.

5. **Amendment of Pleadings:**

Plaintiff may amend her pleadings to amend the class definition if necessary.

Defendant may amend its pleadings if (a) additional class representatives are named and those individuals are in default on their loans with Defendant and/or (b) a class is certified and class members are in default on their loans with Defendant, to the extent necessary.

Deadline to amend pleadings – 5/21/08.

6. **Evidence Preservation:**

Plaintiff – Plaintiff is not in possession of any evidence which may result in some form of spoliation if steps are not taken. Plaintiff intends on taking immediate steps to secure the telephone records of Defendant and to ensure that certain consumer account files are not destroyed in the normal course of business.

//
//

Defendant – Defendant has taken steps to ensure that its telephone records and customer account transaction logs and files are not destroyed in the ordinary course of its business.

7. **Disclosures:**

All parties agree to complete the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance by November 1, 2007.

8. **Discovery:**

The parties have not yet conducted any discovery. Discovery is currently contemplated on issues framed by the pleadings.

9. **Class Actions:**

Plaintiff – A proposed date of March 24, 2008 for the filing of the class certification motion.

10. **Related Cases:**

There are no related cases at this time.

11. **Relief:**

Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

//
//

**S**ECOND **C**AUSE OF **A**CTION FOR **K**NOWING AND/OR **W**ILLFUL **V**IOLATION OF THE TCPA, 47 U.S.C. § 227 *E*T *S*EQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Defendant seeks judgment in its favor on Plaintiff's TCPA claims and seeks judgment on its counterclaims against Plaintiff in the principal sum of $2,226.57, together with interest thereon, late fees, and reasonable attorney's fees and costs as provided under Plaintiff's promissory note.

**12. Settlement and ADR:**

The parties have not yet discussed settlement or participated in any form of ADR. The parties are agreeable to an Early Neutral Evaluation or mediation. What constitutes "prior express consent" under the TCPA and how that affects the rights of consumers in receiving artificial or prerecorded voice telephone calls from Defendant on their cellular telephones are key legal issues that will likely have to be resolved before mediation is appropriate.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff and Defendant do not consent to have a United States Magistrate Judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:**

The case is not suitable for reference to binding arbitration, a special master, or Multidistrict Litigation at this time.

//

15. **Narrowing of Issues:**

    As explained above, what constitutes "prior express consent" under the TCPA and how that affects the rights of consumers in receiving artificial or prerecorded voice telephone calls from Defendant on their cellular telephones are key legal issues, and issues that could be decided by motion, which would narrow the issues to be tried in this case.

16. **Expedited Schedule:**

    This case *cannot* be handled on an expedited basis with streamlined procedures.

17. **Scheduling:**

    The parties propose the following dates for this case:

    Designation of expert witnesses – 4/18/08.

    Non-expert discovery cutoff – 6/02/08.

    Expert discovery cutoff – 7/01/08.

    Date by which all dispositive motions shall be filed with the Court – 8/01/08.

    Pretrial conference – 10/01/08.

    Trial date – 11/03/08.

18. **Trial:**

    The trial of this matter should last no more than six days.

19. **Disclosure of Non-party Interested Entities or Persons:**

    Plaintiff will file the "Certificatin of Interested Entities or Persons" required by Civil Local Rule 3-16.

    Defendant filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 within its Answer to Plaintiff's Complaint (filed September 5, 2007), and will file the certification as a separate document on November 1, 2007. Pursuant to Civil L.R. 3-16, Defendant certifies that as

of the date of this Report, other than the named parties, there is no such interest to report.

**20. Other Matters:** Not applicable.

Dated: November 1, 2007                                      **HYDE & SWIGART**

                                                             By: /s/ Joshua B. Swigart
                                                                 Joshua B. Swigart
                                                                 Attorney for Plaintiff

Dated: November 1, 2007                                      **FINLAYSON, AUGUSTINI & WILLIAMS LLP**

                                                             By: /s/ Michael R. Williams
                                                                 Michael R. Williams
                                                                 Attorney for Defendant

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: November __, 2007
                                                             **HON. MARIA-ELENA JAMES**
                                                             UNITED STATES MAGISTRATE JUDGE