JESSE S. FINLAYSON, SBN 179443
MICHAEL R. WILLIAMS, SBN 196863
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
Telephone: (949) 759-3810
Facsimile: (949) 759-3812
Email:   jfinlayson@faw-law.com; mwilliams@faw-law.com

Attorneys for Defendant and Counterclaimant
CASHCALL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRICIA LECKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CASHCALL, INC.,<br><br>Defendant. | CASE NO. C 07-04002 SI<br><br>**JOINT APPLICATION FOR 30-DAY EXTENSION OF DEADLINE FOR PARTIES TO FILE CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| AND RELATED COUNTERCLAIMS. | |

TO THE HONORABLE SUSAN ILLSTON, UNITED STATES DISTRICT JUDGE:

Plaintiff Tricia Leckler and Defendant CashCall, Inc. jointly apply for a 30-day extension of the Court-ordered January 24, 2008 deadline for the parties to file cross-motions for summary judgment. As explained below, good cause exists to grant the requested 30-day extension.

## I.  Background.

In December 2005, Plaintiff borrowed money from Defendant pursuant to a promissory note. In August 2007, Plaintiff filed a complaint against Defendant, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by placing telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice during collection activities related to Plaintiff's account. Plaintiff brings this action on behalf of herself and all others similarly situated.

Under the TCPA, it is "unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The phrase "prior express consent" is not defined in the TCPA, and the parties have not been able to find any reported decisions that have addressed the meaning of the phrase.

Not surprisingly, Plaintiff and Defendant disagree as to what constitutes "prior express consent" for purposes of the statute. CashCall contends that it had Plaintiff's prior express consent to make calls to her cellular telephone number because Plaintiff provided her cellular telephone number to CashCall when she applied for her CashCall loan and on several other occasions (in writing). Plaintiff contends that she did not provide prior express consent to receive prerecorded message calls from CashCall to her cellular telephone number. As the parties' counsel informed the Court during the status conference in this case, the parties anticipated filing cross-motions for summary judgment in an effort to obtain a ruling on the issue of prior express consent. On December 28, 2007, the parties submitted a stipulation requesting an extension of the ADR completion deadline pending a ruling on the parties' anticipated cross-motions. On January 8, 2008, the Court entered an order

granting the parties' stipulation and directing the parties to file their cross-motions by January 24, 2008.

## II. Request For 30-Day Extension Of Time.

On December 28, 2007, the Federal Communications Commission issued a Declaratory Ruling with respect to the phrase "prior express consent," as used in the TCPA, clarifying that "autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party." The FCC released its ruling on January 4, 2008.

In light of the FCC's ruling, Plaintiff is assessing her options, and the parties are in discussions regarding how to proceed with this case but need a couple weeks to make any definitive decisions. An extension of the January 24 cross-motion filing deadline to allow these discussions to continue – and to possibly avoid cross-motions altogether – will help minimize the time and expense for the parties and their counsel and will also conserve the Court's time and resources. Thus, the parties believe that good cause exists to extend the January 24, 2008 cross-motion filing deadline for 30 days to February 25, 2008 (the first business that is 30 days after January 24) and request that the Court grant their Joint Application.

*[continued on next page]*

III. **Conclusion.**

For the reasons set forth above, the parties request that the Court grant their Joint Application for a 30-day extension of the January 24, 2008 cross-motion filing deadline.

DATED: January 23, 2008

                                          JESSE S. FINLAYSON
                                          MICHAEL R. WILLIAMS
                                          FINLAYSON, AUGUSTINI & WILLIAMS LLP

                                          By: _____
                                                  Michael R. Williams

                                          Attorneys for Defendant and Counterclaimant
                                          CASHCALL, INC.

DATED: January __, 2008

                                          DOUGLAS J. CAMPION
                                          LAW OFFICES OF DOUGLAS J. CAMPION

                                          JOSHUA B. SWIGART
                                          HYDE & SWIGART

                                          By: _____
                                                  Joshua B. Swigart

                                          Attorneys for Plaintiff and Counterdefendant
                                          TRICIA LECKLER

Leckler - Statement Regarding Dispositive Motions

III. **Conclusion.**

For the reasons set forth above, the parties request that the Court grant their Joint Application for a 30-day extension of the January 24, 2008 cross-motion filing deadline.

DATED: January __, 2008

                              JESSE S. FINLAYSON
                              MICHAEL R. WILLIAMS
                              FINLAYSON, AUGUSTINI & WILLIAMS LLP

                              By:_____
                                      Michael R. Williams

                              Attorneys for Defendant and Counterclaimant
                              CASHCALL, INC.

DATED: January 23, 2008

                              DOUGLAS J. CAMPION
                              LAW OFFICES OF DOUGLAS J. CAMPION

                              JOSHUA B. SWIGART
                              HYDE & SWIGART

                              By:_____
                                      Joshua B. Swigart

                              Attorneys for Plaintiff and Counterdefendant
                              TRICIA LECKLER

Leckler - Statement Regarding Dispositive Motions

# CERTIFICATE OF SERVICE

I, Wendy S. Mills, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 110 Newport Center Drive, Suite 100, Newport Beach, California 92660, in said County and State. On January 23, 2008, I served the following document(s):

**JOINT APPLICATION FOR 30-DAY EXTENSION OF DEADLINE FOR PARTIES TO FILE CROSS-MOTIONS FOR SUMMARY JUDGMENT**

on the parties stated below:

| Counsel for Plaintiff: | Counsel for Plaintiff: |
|---|---|
| Joshua B. Swigart, Esq. | Douglas J. Campion, Esq. |
| HYDE & SWIGART | LAW OFFICES OF DOUGLAS J. CAMPION |
| 411 Camino Del Rio South, Suite 301 | 411 Camino Del Rio South, Suite 301 |
| San Diego, CA 92108-3551 | San Diego, CA 92108 |

by the following means of service:

☒ **BY MAIL:** I placed a true copy of the above-mentioned document(s) in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☐ **BY PERSONAL SERVICE:** I provided a true copy of the above-mentioned document(s) to a messenger for personal delivery to each person named above, at the address(es) shown above, before 5:00 p.m. on the above-mentioned date.

☐ **BY ELECTRONIC MAIL:** I caused the above-mentioned document(s) to be transmitted electronically to the e-mail address of the addressees indicated above. I am readily familiar with this firm's Microsoft Outlook electronic mail system and each such document was duly served electronically on the above-mentioned date, and the transmission was reported as complete and without error.

☐ **BY FACSIMILE:** I caused the above-mentioned document(s) to be transmitted by facsimile machine to the parties and numbers indicated above, on the above-mentioned date, pursuant to Rule 2.306. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is maintained by this office.

☐ **BY UPS—NEXT DAY AIR:** I placed a true copy of the above-mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above, on the above-mentioned date, and I deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Michael R. Williams, a member of the bar of this Court, and the foregoing document(s) was/were printed on recycled paper.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2008.                    _____
                                                                                Wendy S. Mills