JESSE S. FINLAYSON, SBN 179443
MICHAEL R. WILLIAMS, SBN 196863
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
Telephone: (949) 759-3810
Facsimile: (949) 759-3812
Email:   jfinlayson@faw-law.com; mwilliams@faw-law.com

Attorneys for Defendant and Counterclaimant
CASHCALL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRICIA LECKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>               Plaintiffs,<br><br>     v.<br><br>CASHCALL, INC.,<br><br>               Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. C 07-04002 SI<br><br>**DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Parties' Jointly Submitted Statement Of Undisputed Facts In Support Of Their Cross-Motions For Partial Summary Judgment to be filed with Plaintiff's Motion]**<br><br>**Hearing:**<br>Date:    May 2, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 10, 19th Floor<br>Judge:  Hon. Susan Illston |

Finlayson, Augustini & Williams LLP

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

TO PLAINTIFF TRICIA LECKLER AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 2, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 (19th Floor) of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant CashCall, Inc. ("CashCall") will and hereby does move for entry of partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, with respect to the two claims for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), asserted by Plaintiff Tricia Leckler ("Plaintiff") against CashCall in her complaint.[1]

In December 2005, Plaintiff borrowed money from CashCall. Plaintiff claims that CashCall violated the TCPA when it called her cellular telephone using an automatic telephone dialing system and/or prerecorded messages as part of its collection efforts after Plaintiff had fallen behind on her loan payments. The parties have stipulated to a set of undisputed material facts for purposes of filing cross-motions for partial summary judgment regarding Plaintiff's TCPA claims. Thus, there are no genuine issues as to any material fact. In addition, based on the undisputed facts, CashCall is entitled to judgment as a matter of law with respect to Plaintiff's TCPA claims because the calls from CashCall to Plaintiff's cellular telephone were made with Plaintiff's "prior express consent," as allowed under the TCPA, given that (a) Plaintiff provided CashCall with her cellular telephone number when she applied for her loan and (b) the calls related to Plaintiff's existing debt to CashCall created by the loan. Accordingly, CashCall requests that the Court grant its motion and grant judgment in CashCall's favor with respect to Plaintiff's TCPA claims.

*[continued on next page]*

---

[1] CashCall is not moving for summary judgment because it is not addressing its counterclaims against Plaintiff (breach of contract and money had and received) in this motion. If CashCall prevails on its motion with respect to Plaintiff's TCPA claims, CashCall will likely seek to dismiss its counterclaims and pursue them in state court.

Finlayson, Augustini & Williams LLP

1

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the parties' Jointly Submitted Statement of Undisputed Facts in Support of the Parties' Cross- Motions for Partial Summary Judgment and the exhibits thereto ("Stmt. of Undisp. Facts"), all pleadings and records in this action, and such oral argument as the Court may permit at the hearing on the Motion.

DATED: March 10, 2008

JESSE S. FINLAYSON
MICHAEL R. WILLIAMS
FINLAYSON, AUGUSTINI & WILLIAMS LLP

By: /s/ Michael R. Williams
Michael R. Williams

Attorneys for Defendant and Counterclaimant
CASHCALL, INC.

Finlayson, Augustini & Williams LLP

2

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction.

In December 2005, Plaintiff borrowed money from CashCall. Plaintiff claims that CashCall violated the TCPA when it called her cellular telephone using an automatic telephone dialing system and/or prerecorded messages as part of its collection efforts after Plaintiff had fallen behind on her loan payments. Because the parties have stipulated to a set of undisputed material facts for purposes of filing cross-motions for partial summary judgment regarding Plaintiff's TCPA claims, there are no genuine issues as to any material fact. In addition, based on the undisputed facts, CashCall is entitled to judgment as a matter of law with respect to Plaintiff's TCPA claims because the calls from CashCall to Plaintiff's cellular telephone were made with Plaintiff's "prior express consent," as allowed under the TCPA, given that (a) Plaintiff provided CashCall with her cellular telephone number when she applied for her loan and (b) the calls related to Plaintiff's existing debt to CashCall created by the loan. Thus, as explained in more detail below, CashCall is entitled to partial summary judgment with respect to Plaintiff's TCPA claims.[2]

## II.   Undisputed Facts.

CashCall makes unsecured personal loans to qualified applicants. [Stmt. of Undisp. Facts at ¶ 1.] In December 2005, Plaintiff contacted CashCall and applied for a personal loan in the amount of $2,600. [*Id.* at ¶ 2.] As part of the loan application process, Plaintiff was asked by CashCall to provide, among other things, her "Home Phone," "Mobile Phone," Work Phone," and email address as well as her home address and other contact information. [*Id.* at ¶¶ 3, 18, Ex. A (p. 5).] Plaintiff provided CashCall with each of the requested telephone numbers, including her cellular telephone number ((510) 290-0099), and her e-mail address. [*Id.* at ¶¶ 4, 18, Ex. A (pp. 5-10).] CashCall approved Plaintiff's loan application. [*Id.* at ¶ 5.]

On December 19, 2005, Plaintiff made and delivered to CashCall a promissory note in the principal sum of $2,600 (the "Note"). [*Id.* at ¶¶ 6, 18, Ex. A (pp. 1-4).] On December 19, 2005,

---

[2]   Courts have authority to grant partial summary judgment under Rule 56. *See, e.g., Cheng v. Commissioner*, 878 F.2d 306, 308-09 (9th Cir. 1989).

1

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Finlayson, Augustini & Williams LLP

1   CashCall advanced the sum of $2,575 ($2,600 minus a $75 loan origination fee) to Plaintiff in
2   accordance with the terms of the Note. [*Id.* at ¶ 7.] After Plaintiff fell behind on the monthly
3   payments due to CashCall under the Note, CashCall began collections activities with respect to
4   Plaintiff. [*Id.* at ¶ 8.]

5   As part of CashCall's collection activities, CashCall placed telephone calls to Plaintiff's
6   cellular telephone number ((510) 290-0099). [*Id.* at ¶ 9.] During certain of the telephone calls that
7   CashCall placed to Plaintiff's cellular telephone number ((510) 290-0099), CashCall used prerecorded
8   messages. [*Id.* at ¶ 10.] During certain of the telephone calls that CashCall placed to Plaintiff's
9   cellular telephone number ((510) 290-0099), CashCall used an automatic telephone dialing system in
10  an attempt to reach Plaintiff on her cellular telephone. [*Id.* at ¶ 11.] None of the calls made by
11  CashCall to Plaintiff were for emergency purposes. [*Id.* at ¶ 12.] The telephone usage minutes
12  incurred by Plaintiff for the calls made by CashCall to her cellular telephone were counted toward the
13  minutes permitted under Plaintiff's cellular telephone plan. [*Id.* at ¶ 13.]

14  Plaintiff has not yet paid off the Note. [*Id.* at ¶ 14.] From the time that Plaintiff provided her
15  cellular telephone number ((510) 290-0099) to CashCall as part of the loan application process until
16  the date of the last prerecorded message and/or autodialed call that Plaintiff received from CashCall
17  to her cellular telephone number ((510) 290-0099), Plaintiff did not request that CashCall refrain
18  from contacting her using her cellular telephone number ((510) 290-0099). [*Id.* at ¶ 15.] Indeed,
19  months after obtaining her CashCall loan, Plaintiff sent CashCall correspondence on which she
20  included her cellular telephone number. [*Id.* at ¶ 18, Ex. A (p. 11).]

21  Plaintiff never informed CashCall that it could contact her on her cellular telephone by means
22  of prerecorded messages and/or autodialed calls. [*Id.* at ¶ 16.] Plaintiff never informed CashCall that
23  it could <u>not</u> contact her on her cellular telephone by means of prerecorded messages and/or autodialed
24  calls. [*Id.* at ¶ 17.]

25  In or about August 2007, Plaintiff filed a putative class action complaint against CashCall,
26  claiming that CashCall violated the TCPA when it called her cellular telephone using an automatic
27  telephone dialing system and/or prerecorded messages. Plaintiff brings this action on behalf of
28  herself and all others similarly situated and seeks millions of dollars in damages for alleged

Finlayson, Augustini & Williams LLP

2

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

intentional and negligent violations of the TCPA.  CashCall maintains that it did not violate the TCPA with respect to Plaintiff (or any of its other borrowers) because its calls to Plaintiff's cellular telephone were made with Plaintiff's prior express consent.

**III.    CashCall Did Not Violate The TCPA Because Its Calls To Plaintiff's Cellular Telephone Were Made With Plaintiff's Prior Express Consent.**

    **A.    The TCPA Regulates Certain Types of Calls to Cellular Telephones.**

Under the TCPA, it is "unlawful for any person . . . to make any call (<u>other than a call . . . made with the prior express consent of the called party</u>) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

    **B.    The FCC Administers the TCPA.**

The TCPA provides that the Federal Communications Commission (the "FCC") "shall prescribe regulations to implement the requirements" of the TCPA.  47 U.S.C. § 227(b)(2).  The FCC's regulations with respect to the TCPA are set forth, in part, in 47 C.F.R. § 64.1200.  Under the FCC's regulations, "[n]o person or entity may:  (1) [i]nitiate any telephone call (<u>other than a call . . . made with the prior express consent of the called party</u>) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) [t]o any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 C.F.R. § 64.1200(a)(1)(iii) (emphasis added).

    **C.    The FCC's Recent Ruling Regarding the Phrase "Prior Express Consent."**

The phrase "prior express consent" is not expressly defined in the TCPA, and CashCall has not been able to find any reported decisions that have addressed the meaning of the phrase.  However, on December 28, 2007, in response to a Petition for an Expedited Clarification and Declaratory Ruling, the FCC issued a Declaratory Ruling with respect to the phrase "prior express consent," as used in the TCPA, clarifying that "autodialed and prerecorded message calls to wireless numbers that

3

Finlayson, Augustini & Williams LLP

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party." FCC Declaratory Ruling (Dec. 28, 2007) at ¶ 1 (attached hereto as Exhibit 1); *id.* at ¶ 9.

In the discussion section of its Declaratory Ruling, the FCC explained that "[a]lthough the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party." *Id.* at ¶ 9. The FCC concluded "that the provision of a cell phone number to a creditor, <u>e.g., as part of a credit application</u>, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." *Id.* (emphasis added).

The FCC explained that its interpretation and conclusion with respect to the phrase "prior express consent" was consistent with its prior rulings and legislative history.  First, the FCC noted that "[i]n the 1992 TCPA Order, the Commission determined that persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Id.* (quotations omitted).  Second, the FCC noted that "the House report on what ultimately became [the TCPA] states that:

> [t]he restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications."

*Id.* The FCC emphasized, however, "that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.* at ¶ 10. The FCC further explained that "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing.  Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *Id.* at ¶ 11.

**D.    The FCC's Ruling is Entitled to Deference.**

The Court must analyze the effect of the FCC's recent ruling as it concerns this case. *See EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 588-89 (9th Cir. 2000). According to the United States Supreme Court, "[w]hen a court reviews an agency's construction of the statute which it administers,

4
DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Finlayson, Augustini & Williams LLP

it is confronted with two questions." *Chevron U.S.A., Inc. v. National Res. Def. Council, Inc.*, 467 U.S. 837, 842, 104 S. Ct. 2778, 2781 (1984). "First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." 467 U.S. at 842-43, 104 S. Ct. at 2781. Here, Congress has not expressly defined the phrase "prior express consent" in the TCPA.

"If . . . the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation." 467 U.S. at 843, 104 S. Ct. at 2781-82. "Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." 467 U.S. at 843, 104 S. Ct. at 2782.

However, "[t]he court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." *Id.* (citations omitted). "The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Id.* (quotations omitted). "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." 467 U.S. at 843-44, 104 S. Ct. at 2782.

"Sometimes the legislative delegation to an agency on a particular question is implicit rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." 467 U.S. at 844, 104 S. Ct. at 2782. In this regard, the Supreme Court has

> long recognized that <u>considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer</u>, and the principle of deference to administrative interpretations has been consistently followed by this Court whenever decision as to the meaning or reach of a statute has involved reconciling conflicting policies, and a full understanding of the force of the statutory

5

Finlayson, Augustini & Williams LLP

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

> policy in the given situation has depended upon more than ordinary knowledge respecting the matters subjected to agency regulations. If this choice represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute, we should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned.

467 U.S. at 844-45, 104 S. Ct. at 2782-83 (emphasis added) (quotations omitted).

Here, the FCC's interpretation of the phrase "prior express consent" as used in the TCPA and the FCC's regulations as set forth in its recent Declaratory Ruling is reasonable. As explained above, the FCC concluded "that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." FCC Declaratory Ruling (Dec. 28, 2007) at ¶ 9.

In reaching its conclusion, the FCC explained that its interpretation was consistent with its prior rulings and legislative history. First, the FCC noted that "[i]n the 1992 TCPA Order, the Commission determined that persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Id.* (quotations omitted). Second, the FCC noted that "the House report on what ultimately became [the TCPA] states that:

> [t]he restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications."

*Id.* Moreover, based on its placement in the statute, it is clear that the phrase "prior express consent" qualifies the word "call" rather than "using any automatic telephone dialing system or an artificial or prerecorded voice." Thus, it cannot be said that the FCC's interpretation of the phrase "prior express consent" is not one that Congress would not have sanctioned. Accordingly, the Court should not disturb the FCC's ruling and should instead defer to the FCC's reasonable ruling.

### E. According to the FCC's Ruling, CashCall Did Not Violate the TCPA.

Here, the following facts are undisputed:

- Plaintiff provided her cellular telephone number to CashCall when she applied for a loan, listing it in her loan application and on several other documents that she provided to CashCall.

6

Finlayson, Augustini & Williams LLP

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

- CashCall approved Plaintiff's loan application and provided her with $2,525 in cash in accordance with a promissory note signed by Plaintiff.
- After Plaintiff fell behind on her monthly payments to CashCall, CashCall began collection efforts related to Plaintiff's loan, which included making telephone calls to Plaintiff's cellular telephone using an autodialer and prerecorded messages.

Based on the FCC's ruling, Plaintiff's provision of her cellular telephone number to CashCall as part of her loan application process reasonably evidenced prior express consent by Plaintiff to be contacted by CashCall at that number regarding her debt to CashCall. *See* FCC Declaratory Ruling (Dec. 28, 2007) at ¶ 9. In addition, it is undisputed that CashCall called the cellular telephone that Plaintiff provided in connection with the loan that she obtained from CashCall. *See id.* at ¶ 10.

Thus, based on the FCC's ruling, all of CashCall's autodialed and prerecorded message calls to Plaintiff's cellular telephone were made with Plaintiff's "prior express consent" because Plaintiff provided CashCall with her cellular telephone number in connection with an existing debt. *See id.* Accordingly, CashCall did not violate the TCPA. *See id.*

## IV. **Conclusion.**

CashCall did not violate the TCPA because its calls to Plaintiff's cellular telephone were made with Plaintiff's "prior express consent," as allowed under the TCPA. Accordingly, CashCall requests that the Court grant its motion and grant judgment in CashCall's favor with respect to Plaintiff's TCPA claims.

DATED: March 10, 2008

JESSE S. FINLAYSON
MICHAEL R. WILLIAMS
FINLAYSON, AUGUSTINI & WILLIAMS LLP

By: /s/ Michael R. Williams
Michael R. Williams

Attorneys for Defendant and Counterclaimant
CASHCALL, INC.

Leckler - Motion for Partial Summary Judgment

Finlayson,
Augustini &
Williams LLP

7

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# CERTIFICATE OF SERVICE

I, Wendy S. Mills, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 110 Newport Center Drive, Suite 100, Newport Beach, California 92660, in said County and State. On March 10, 2008, I served the following document(s):

**DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

☒ **CM/ECF ELECTRONIC SERVICE:** The following are registered as CM/ECF Users with the Court, and have consented to electronic service:

<u>**Counsel for Plaintiff**</u>:  Joshua B. Swigart – josh@westcoastlitigation.com
<u>**Counsel for Plaintiff**</u>:  Douglas J. Campion – doug@djcampion.com

on the parties stated below:

by the following means of service:

☐ **BY MAIL**: I placed a true copy of the above-mentioned document(s) in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☐ **BY PERSONAL SERVICE**: I provided a true copy of the above-mentioned document(s) to a messenger for personal delivery to each person named above, at the address(es) shown above, before 5:00 p.m. on the above-mentioned date.

☐ **BY ELECTRONIC MAIL**: I caused the above-mentioned document(s) to be transmitted electronically to the e-mail address of the addressees indicated above. I am readily familiar with this firm's Microsoft Outlook electronic mail system and each such document was duly served electronically on the above-mentioned date, and the transmission was reported as complete and without error.

☐ **BY FACSIMILE**: I caused the above-mentioned document(s) to be transmitted by facsimile machine to the parties and numbers indicated above, on the above-mentioned date, pursuant to Rule 2.306. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is maintained by this office.

☐ **BY UPS—NEXT DAY AIR:** I placed a true copy of the above-mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above, on the above-mentioned date, and I deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Michael R. Williams, a member of the bar of this Court, and the foregoing document(s) was/were printed on recycled paper.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2008.

/s/ Wendy S. Mills
Wendy S. Mills

Finlayson, Augustini & Williams LLP

DEFENDANT CASHCALL, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES