JESSE S. FINLAYSON, SBN 179443
MICHAEL R. WILLIAMS, SBN 196863
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
Telephone: (949) 759-3810
Facsimile: (949) 759-3812
Email:   jfinlayson@faw-law.com; mwilliams@faw-law.com

Attorneys for Defendant and Counterclaimant
CASHCALL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRICIA LECKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CASHCALL, INC.,<br><br>　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. C 07-04002 SI<br><br>**JOINTLY SUBMITTED STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Hearing:**<br>Date:　May 2, 2008<br>Time:　9:00 a.m.<br>Place:　Courtroom 10, 19th Floor<br>Judge:　Hon. Susan Illston |

1  The Parties to this action jointly submit the following Statement of Undisputed Facts in
2  support of their respective cross-motions for Partial Summary Judgment.  These undisputed facts are
3  stipulated to by the Parties, along with Exhibit A (attached hereto), and shall be deemed undisputed
4  material facts for purposes of the parties' cross-motions without the submission of declarations or
5  other evidence by either party.

| No. | Undisputed Fact: |
|---|---|
| 1 | Defendant CashCall, Inc. ("CashCall") makes unsecured personal loans to qualified applicants. |
| 2 | In December 2005, Plaintiff Tricia Leckler ("Leckler") contacted CashCall and applied for a personal loan in the amount of $2,600. |
| 3 | As part of the loan application process, Leckler was asked by CashCall to provide, among other things, her "Home Phone," "Mobile Phone," Work Phone," and email address as well as her home address and other contact information. |
| 4 | Leckler provided CashCall with each of the requested telephone numbers, including her cellular telephone number ((510) 290-0099), and her e-mail address. |
| 5 | CashCall approved Leckler's loan application. |
| 6 | On December 19, 2005, Leckler made and delivered to CashCall a promissory note in the principal sum of $2,600 (the "Note"). |
| 7 | On December 19, 2005, CashCall advanced the sum of $2,575 ($2,600 minus a $75 loan origination fee) to Leckler in accordance with the terms of the Note. |
| 8 | After Leckler fell behind on the monthly payments due to CashCall under the Note, CashCall began collections activities with respect to Leckler. |
| 9 | As part of CashCall's collection activities, CashCall placed telephone calls to Leckler's cellular telephone number ((510) 290-0099). |
| 10 | During certain of the telephone calls that CashCall placed to Leckler's cellular telephone number ((510) 290-0099), CashCall used prerecorded messages. |

| | | |
|---|---|---|
| | 11 | During certain of the telephone calls that CashCall placed to Leckler's cellular telephone number ((510) 290-0099), CashCall used an automatic telephone dialing system in an attempt to reach Leckler on her cellular telephone. |
| | 12 | None of the calls made by CashCall to Leckler were for emergency purposes. |
| | 13 | The telephone usage minutes incurred by Leckler for the calls made by CashCall to her cellular telephone were counted toward the minutes permitted under Leckler's cellular telephone plan. |
| | 14 | Leckler has not yet paid off the Note. |
| | 15 | From the time that Leckler provided her cellular telephone number ((510) 290-0099) to CashCall as part of the loan application process until the date of the last prerecorded message and/or autodialed call that Leckler received from CashCall to her cellular telephone number ((510) 290-0099), Leckler did not request that CashCall refrain from contacting her using her cellular telephone number ((510) 290-0099). |
| | 16 | Leckler never informed CashCall that it could contact her on her cellular telephone by means of prerecorded messages and/or autodialed calls. |
| | 17 | Leckler never informed CashCall that it could not contact her on her cellular telephone by means of prerecorded messages and/or autodialed calls. |
| | 18 | Attached hereto as collective Exhibit A are true and correct copies of the following documents, stipulated to be introduced without further foundation for purposes of the parties' cross-motions for partial summary judgment:  (a) CashCall Promissory Note and Disclosure Statement dated December 19, 2005, executed by Leckler; (b) the one-page CashCall loan application completed by Leckler, with supporting documents provided by Leckler to CashCall as requested by CashCall; and (c) a letter dated August 16, 2006, from Leckler to CashCall. |

DATED: March 10, 2008

    JESSE S. FINLAYSON
    MICHAEL R. WILLIAMS
    FINLAYSON, AUGUSTINI & WILLIAMS LLP

    By:     /s/ Michael R. Williams
                Michael R. Williams

    Attorneys for Defendant and Counterclaimant
    CASHCALL, INC.

DATED: March 10, 2008

    JOSHUA B. SWIGART
    HYDE & SWIGART

    By:     /s/ Joshua B. Swigart
                Joshua B. Swigart

    DOUGLAS J. CAMPION
    LAW OFFICES OF DOUGLAS J. CAMPION

    By:     /s/ Douglas J. Campion
                Douglas J. Campion

    Attorneys for Plaintiff and Counterdefendant
    TRICIA LECKLER

Leckler - Undisputed Facts for Motion for Partial Summary Judgment

# CERTIFICATE OF SERVICE

I, Wendy S. Mills, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 110 Newport Center Drive, Suite 100, Newport Beach, California 92660, in said County and State. On March 10, 2008, I served the following document(s):

**JOINTLY SUBMITTED STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

☒ **CM/ECF ELECTRONIC SERVICE:** The following are registered as CM/ECF Users with the Court, and have consented to electronic service:

**Counsel for Plaintiff: Joshua B. Swigart – josh@westcoastlitigation.com**

on the parties stated below:

**Counsel for Plaintiff:**
**Douglas J. Campion, Esq.**
**LAW OFFICES OF DOUGLAS J. CAMPION**
**411 Camino Del Rio South, Suite 301**
**San Diego, CA 92108**

by the following means of service:

☒ **BY MAIL**: I placed a true copy of the above-mentioned document(s) in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☐ **BY PERSONAL SERVICE**: I provided a true copy of the above-mentioned document(s) to a messenger for personal delivery to each person named above, at the address(es) shown above, before 5:00 p.m. on the above-mentioned date.

☐ **BY ELECTRONIC MAIL**: I caused the above-mentioned document(s) to be transmitted electronically to the e-mail address of the addressees indicated above. I am readily familiar with this firm's Microsoft Outlook electronic mail system and each such document was duly served electronically on the above-mentioned date, and the transmission was reported as complete and without error.

☐ **BY FACSIMILE**: I caused the above-mentioned document(s) to be transmitted by facsimile machine to the parties and numbers indicated above, on the above-mentioned date, pursuant to Rule 2.306. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is maintained by this office.

☐ **BY UPS—NEXT DAY AIR:** I placed a true copy of the above-mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above, on the above-mentioned date, and I deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Michael R. Williams, a member of the bar of this Court, and the foregoing document(s) was/were printed on recycled paper.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2008.

/s/ Wendy S. Mills
Wendy S. Mills