1  Douglas J. Campion, Esq. (SBN: 75381)
2  **LAW OFFICES OF DOUGLAS J. CAMPION**
   411 Camino Del Rio South, Suite 301
3  San Diego, CA 92108
   Telephone: (619) 299-2091
4  Facsimile: (619) 858-0034

5  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
6  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
7  **Hyde & Swigart**
   411 Camino Del Rio South, Suite 301
8  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
9  Facsimile: (619) 297-1022

10  Attorneys for Plaintiffs

11

12              **UNITED STATES DISTRICT COURT**
13              **NORTHERN DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| 15 **TRICIA LECKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** | **CASE NO.: C07-04002 SI** |
| 16 | |
| 17 | **CLASS ACTION** |
| 18          **PLAINTIFF,** | **JOINTLY SUBMITTED STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THE PARTIES' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| 19 **CASHCALL, INC.,** | |
| 20 | |
| 21          **DEFENDANT.** | |
| 22 | **JUDGE: HON. SUSAN ILLSTON** |
| 23 | |
| 24 | **DATE: MAY 2, 2008** |
| 25 | **TIME: 9:00 A.M.** |
| 26 | **PLACE: COURTROOM 10, 19TH FLOOR** |
| 27 | |

28

The Parties to this action jointly submit the following Statement of Undisputed Facts in support of their respective cross-motions for Partial Summary Judgment. These undisputed facts are stipulated to by the Parties, along with Exhibit A (attached hereto), and shall be deemed undisputed material facts for purposes of the parties' cross-motions without the submission of declarations or other evidence by either party.

| No. | Undisputed Fact: |
|---|---|
| 1 | Defendant CashCall, Inc. ("CashCall") makes unsecured personal loans to qualified applicants. |
| 2 | In December 2005, Plaintiff Tricia Leckler ("Leckler") contacted CashCall and applied for a personal loan in the amount of $2,600. |
| 3 | As part of the loan application process, Leckler was asked by CashCall to provide, among other things, her "Home Phone," "Mobile Phone," Work Phone," and email address as well as her home address and other contact information. |
| 4 | Leckler provided CashCall with each of the requested telephone numbers, including her cellular telephone number ((510) 290-0099), and her e-mail address. |
| 5 | CashCall approved Leckler's loan application. |
| 6 | On December 19, 2005, Leckler made and delivered to CashCall a promissory note in the principal sum of $2,600 (the "Note"). |
| 7 | On December 19, 2005, CashCall advanced the sum of $2,575 ($2,600 minus a $75 loan origination fee) to Leckler in accordance with the terms of the Note. |
| 8 | After Leckler fell behind on the monthly payments due to CashCall under the Note, CashCall began collections activities with respect to Leckler. |

| 9 | As part of CashCall's collection activities, CashCall placed telephone calls to Leckler's cellular telephone number ((510) 290-0099). |
| 10 | During certain of the telephone calls that CashCall placed to Leckler's cellular telephone number ((510) 290-0099), CashCall used prerecorded messages. |
| 11 | During certain of the telephone calls that CashCall placed to Leckler's cellular telephone number ((510) 290-0099), CashCall used an automatic telephone dialing system in an attempt to reach Leckler on her cellular telephone. |
| 12 | None of the calls made by CashCall to Leckler were for emergency purposes. |
| 13 | The telephone usage minutes incurred by Leckler for the calls made by CashCall to her cellular telephone were counted toward the minutes permitted under Leckler's cellular telephone plan. |
| 14 | Leckler has not yet paid off the Note. |
| 15 | From the time that Leckler provided her cellular telephone number ((510) 290-0099) to CashCall as part of the loan application process until the date of the last prerecorded message and/or autodialed call that Leckler received from CashCall to her cellular telephone number ((510) 290-0099), Leckler did not request that CashCall refrain from contacting her using her cellular telephone number ((510) 290-0099). |
| 16 | Leckler never informed CashCall that it could contact her on her cellular telephone by means of prerecorded messages and/or autodialed calls. |
| 17 | Leckler never informed CashCall that it could not contact her on her cellular telephone by means of prerecorded messages and/or autodialed calls. |
| 18 | Attached hereto as collective Exhibit A are true and correct copies of the following documents, stipulated to be introduced without further foundation for purposes of the parties' cross-motions for partial summary judgment: (a) CashCall Promissory Note and Disclosure Statement dated December 19, 2005, executed by Leckler; (b) the one-page CashCall loan application completed by Leckler, with supporting documents provided by Leckler to |

1
2

CashCall as requested by CashCall; and (c) a letter dated August 16, 2006, from Leckler to CashCall.

3

4   Dated: March 10, 2008

5

**LAW OFFICES OF DOUGLAS J. CAMPION**

6   __/s/  Douglas J. Campion____

7   Attorneys for Plaintiffs

8

9   **HYDE & SWIGART**

10   __/s/ Joshua B. Swigart_____

11   Attorneys for Plaintiffs

12   Dated: March 10, 2008

13

**FINLAYSON,    AUGUSTINI    & WILLIAMS**

14   __/s/ Michael R. Williams_____

15   Attorneys for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28