BRAD W. SEILING (Bar No. CA 143515)
JOANNA MCCALLUM (Bar No. CA 187093)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:   (310) 312-4224
E-mail: bseiling@manatt.com; jmccallum@manatt.com

CLAUDIA CALLAWAY (*pro hac vice* application pending)
MANATT, PHELPS & PHILLIPS, LLP
700 12th Street, N.W.
Washington, DC  20016
Telephone:  (202) 585-6504
Facsimile:  (202) 585-6600
E-mail: ccallaway@manatt.com

JESSE S. FINLAYSON (Bar No. CA 179443)
MICHAEL R. WILLIAMS (Bar No. CA 196863)
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Telephone: (949) 759-3810
Facsimile: (949) 759-3812
E-mail: jfinlayson@faw-law.com; mwilliams@faw-law.com

*Attorneys for Defendant*
CashCall, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA LECKLER, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>      vs.<br><br>CASHCALL, INC.,<br><br>        Defendant. | Case No.  C 07-04002 SI<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES<br>[28 U.S.C. § 1292(B)]<br><br>[Filed concurrently with [Proposed] Order Certifying Order for Interlocutory Review and Staying Proceedings]<br><br>Date:    July 25, 2008<br>Time:    9 a.m.<br>Place:   Courtroom 10<br><br>Judge:  Hon. Susan Illston |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102-3483, defendant CashCall, Inc. will and hereby does move this Court for an order pursuant to 28 U.S.C. § 1292(b) certifying the Court's May 20, 2008 Order for interlocutory appeal to the Ninth Circuit Court of Appeals and for a stay of proceedings pending appeal.  Defendant requests oral argument on this Motion.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings, papers and records on file herein, any matter of which the Court may take judicial notice, and such oral argument as may be presented at the hearing on this Motion.


Dated:  June 6, 2008           FINLAYSON, AUGUSTINI & WILLIAMS LLP

MANATT, PHELPS & PHILLIPS, LLP


By: _____
    Brad W. Seiling
    *Attorneys for Defendant*
    CashCall, Inc.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION .................................................................................1

4    II.   BACKGROUND ..................................................................................2

     III.  THE QUESTION SATISFIES THE FACTORS FOR
5          CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 1292(B) ............3

6          A.    The Question Presents a Controlling Issue of Law ...............................3

7          B.    There Is Substantial Ground for Difference of Opinion ......................4

           C.    Appellate Resolution Would Materially Advance the
8                Termination of the Litigation ...........................................................8

     IV.   A STAY OF PROCEEDINGS PENDING APPEAL IS
9          WARRANTED ...................................................................................10

10   V.    CONCLUSION....................................................................................11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*APCC Services, Inc. v. AT&T Corp.,*
297 F. Supp. 2d 101 (D.D.C. 2003).............................................................. 3, 9, 10

*Biggerstaff v. FCC,*
511 F.3d 178 (D.C. Cir. 2007)...........................................................................6

*Chair King, Inc. v. GTE Mobilnet of Houston, Inc.,*
135 S.W. 3d 365 (Tex.App. – Houston 2004), *overruled on other
grounds*, 184 S.W.3d 707 (Tex. 2006) ........................................................ 6, 7, 8

*Chevron, U.S.A., Inc. v. National Resources Defense Council,*
467 U.S. 837 (1984)...........................................................................................4

*Consub Delaware LLC v. Schahin Engenharia Limitada,*
476 F. Supp. 2d 305 (S.D.N.Y. 2007) ...............................................................8

*Filtrol Corp. v. Kelleher,*
467 F.2d 242 (9th Cir.1972) .............................................................................10

*Hooters of Augusta, Inc. v. American Global Ins. Co.,*
272 F. Supp. 2d 1365 (S.D. Ga. 2003), *aff'd*, 157 Fed. Appx. 201
(11th Cir. 2005)...................................................................................................6

*In re Cement Antitrust Litig.,*
673 F.2d 1020 (9th Cir. 1982) ...................................................................... 3, 8, 9

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.,*
708 F.2d 1458 (9th Cir.1983) ............................................................................10

*Paiute-Shoshone Indians of the Bishop Community v. City of Los
Angeles,*
No. 1:06-cv-0736 OWW SMS, 2007 WL 2202242, at *2 (E.D. Cal.
July 30, 2007)......................................................................................................5

*Ryan v. Flowserve Corp.,*
444 F. Supp. 2d 718 (N.D. Tex. 2006) ...............................................................9

*Satterfield v. Simon & Schuster,*
No. C 06-2893 CW, 2007 WL 1839807 (June 26, 2007)...................................5

*Travel Travel, Kirkwood, Inc. v. Jen N.Y. Inc.,*
206 S.W. 3d 387 (Mo. App. 2006) .................................................................. 6, 8

*United States v. Alvarez-Hernandez,*
478 F.3d 1060 (9th Cir. 2006) ...........................................................................7

*Watson v. Yolo County Flood Control & Water Conserv. Dist.,*
2:06-cv-1549 FCD DAD, 2007 WL 4107539 (E.D. Cal. Nov. 16,
2007), at *2-*4 ..................................................................................................10

*Weitzner v. Iridex Corp.,*
No. 05-CV 1254 (RJD), 2006 WL 1851441 (E.D.N.Y. June 29,
2006) ................................................................................................................ 6, 7

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

# TABLE OF AUTHORITIES
## (continued)

Page

## STATUTES AND REGULATIONS

28 U.S.C. § 1292(b) .................................................................................. 1, 8, 9, 10

47 U.S.C. § 227(a)(5) .................................................................................6

47 U.S.C. § 227(b)(1)(A) ...................................................................... 1, 2, 3, 5

47 U.S.C. § 227(b)(1)(C) .............................................................................. 6, 7

Pub. L. No. 109-21, 119 Stat. 359...........................................................7

47 C.F.R. § 64.1200(f)(5) ...........................................................................6

## OTHER AUTHORITIES

*Declaratory Ruling in re Rules and Regulations Implementing the*
  *Telephone Consumer Protection Act of 1991,*
  FCC 07-232 (Dec. 28, 2007; released Jan. 4, 2008).......................... 3, 4, 5, 6, 7, 9

H.R. Rep. 102-317 (Nov. 15, 1991)...........................................................5

S. Rep. 102-178 (Oct. 8, 1991) ..............................................................5

16 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE
  § 3930 (2d ed. 1996) ...............................................................................9

41285958.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3           Defendant CashCall, Inc. ("CashCall") respectfully requests that this

4    Court certify for immediate appellate review its May 20, 2008 Order denying

5    CashCall's motion for partial summary judgment and granting plaintiff Tricia

6    Leckler's ("Leckler") motion for partial summary judgment (the "Order").

7    Certification is appropriate where, as here, an order (1) "involves a controlling

8    question of law" (2) "as to which there is substantial ground for difference of

9    opinion," and (3) an "immediate appeal . . . may materially advance the ultimate

10   termination of the litigation." 28 U.S.C. § 1292(b).

11          The question at issue is both narrow and dispositive of the claims

12   before the Court: whether a borrower, who provides a lender her cell phone number

13   in connection with a loan transaction, has granted "prior express consent" for the

14   lender to call her at that number in an effort to collect on a delinquent loan, using

15   automated dialing systems or prerecorded messages, for the purposes of the

16   Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(1)(A).

17   *See* Order at 3:24-26.

18          CashCall submits that the Order meets each of the three grounds for

19   certification for interlocutory review set forth in 28 U.S.C. § 1292(b). First, the

20   Order presents a controlling question of law, in that a different interpretation by the

21   Ninth Circuit of the TCPA provision at issue would require reversal of the Order.

22   Second, the question presents a substantial ground for difference of opinion,

23   because the sole authority on point is an agency ruling issued by the federal agency

24   charged with interpreting the TCPA, to which the Court declined to give deference,

25   relying instead upon cases interpreting a different statutory provision that has since

26   been amended. Finally, immediate appeal would materially advance the

27   termination of the litigation, in that reversal by the Ninth Circuit of this Court's

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1   ruling with instructions to adhere to the federal agency's ruling would mandate

2   dismissal of Leckler's complaint. CashCall respectfully requests that this Court

3   certify its Order and stay further proceedings in this action pending appeal.

4   **II.    BACKGROUND**

5           The material facts are undisputed. *See* Jointly Submitted Statement of

6   Undisputed Facts in Support of the Parties' Cross-Motions for Partial Summary

7   Judgment, D.E. 32.

8           In December 2005, Leckler applied to CashCall for a personal loan.

9   (*Id.* No. 2.) As part of the loan application process, Leckler provided her cell phone

10  number to CashCall. (*Id.* Nos. 3, 4.) On subsequent correspondence with CashCall

11  regarding the loan, Leckler supplied her cell phone number as the sole contact

12  information. (*Id.* No. 18 & Ex. A.) Leckler concedes that she gave consent for

13  CashCall to contact her at her cell phone number. (D.E. 44 at p. 8.) When she fell

14  behind on her loan payments, CashCall placed calls to her on her cell phone line to

15  request payment. (D.E. 32 Nos. 8, 9.) Some of these calls were made via

16  automatic dialing system and/or used prerecorded messages. (*Id.* Nos. 10, 11.)

17          Leckler brought this putative nationwide class action suit against

18  CashCall, alleging intentional and negligent violations of the TCPA, 47 U.S.C.

19  § 227(b)(1)(A). That statute provides, in relevant part:

20          It shall be unlawful for any person within the United States . . . to
            make any call (other than a call made for emergency purposes or *made*
21          *with the prior express consent of the called party*) using any automatic
            dialing system or an artificial or prerecorded voice . . . to any
22          telephone number assigned to a paging service, cellular telephone
            service, specialized mobile radio service, or other radio common
23          carrier service, or any service for which the called party is charged for
            the call . . . .
24

25  47 U.S.C. § 227(b)(1)(A) (emphasis added).

26          The parties each filed motions for partial summary judgment, based on

27  stipulated undisputed material facts, on the pure legal issue of whether CashCall's

28  calls to Leckler's cell phone number violated the TCPA. As support for its motion,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1   CashCall presented to the Court a ruling by the Federal Communications

2   Commission ("FCC"), the federal agency charged with interpreting 47 U.S.C.

3   § 227(b)(1)(A), that a borrower's disclosure to a lender of a cell phone number with

4   regard to obtaining a loan constituted the "prior express consent" sufficient to avoid

5   a TCPA violation. *See Declaratory Ruling in re Rules and Regulations*

6   *Implementing the Telephone Consumer Protection Act of 1991*, FCC 07-232 (Dec.

7   28, 2007; released Jan. 4, 2008) (the "FCC Ruling"). On May 20, 2008, this Court

8   issued its Order, granting Leckler's motion and denying CashCall's motion.

9   **III.   THE QUESTION SATISFIES THE FACTORS FOR**
        **CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 1292(B).**
10
        **A.    The Question Presents a Controlling Issue of Law.**
11

12          The question set forth above is dispositive of Leckler's complaint. *See*

13  *APCC Services, Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 105 (D.D.C. 2003) ("a

14  'controlling question of law is one that would require reversal if decided incorrectly

15  or that could materially affect the course of litigation with resulting savings of the

16  court's or the parties' resources' . . . [and] include[s] issues that would terminate an

17  action if the district court's order were reversed") (citation omitted)[1]; *see In re*

18  *Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) ("[A]ll that must be

19  shown in order for a question to be 'controlling' is that resolution of the issue on

20  appeal could materially affect the outcome of litigation in the district court.").

21          As this Court noted, its decision on the issue presented by the motions

22  "hinges on the propriety of a ruling by the Federal Communications Commission

23  ('FCC') . . . ." (Order at 3:26-27.) The FCC has recently considered the precise

24  issue presented in this case, and determined, in a ruling adopted December 28,

25  2007, that a borrower's disclosure to a lender of a cell phone number with regard to

26

27  [1] The Ninth Circuit accepted *APCC* for interlocutory appeal and reversed the order.
    The Supreme Court subsequently vacated the judgment. Following remand,
28  *certiorari* was granted again, and the matter is pending in Supreme Court.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3                    DEFENDANT'S MOTION FOR CERTIFICATION FOR
                     INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1    obtaining a loan constituted the "prior express consent" sufficient to avoid a TCPA

2    violation.  *See* FCC Ruling ¶ 9 (finding that "autodialed and prerecorded message

3    calls to wireless numbers provided by the called party in connection with an

4    existing debt are made with the 'prior express consent' of the called party").  This

5    Court analyzed the FCC Ruling under the standard set forth in *Chevron, U.S.A.,*

6    *Inc. v. National Resources Defense Council*, 467 U.S. 837 (1984), and determined

7    not to accord deference to the ruling, finding that the FCC's interpretation was

8    inconsistent with the TCPA's plain language.  (Order at 6:7-9.)  On that basis, the

9    Court denied CashCall's motion and granted Leckler's motion.

10            If the Ninth Circuit were to reach a contrary conclusion and agree with

11    the FCC's interpretation, that would mandate the denial of Leckler's motion and the

12    grant of CashCall's motion, resulting in the dismissal of Leckler's complaint.  The

13    issue therefore is controlling.

14            **B.      There Is Substantial Ground for Difference of Opinion.**

15            There is also a substantial ground for difference of opinion.  "A

16    substantial ground for difference of opinion is often established by a dearth of

17    precedent within the controlling jurisdiction and conflicting decisions in other

18    circuits. . . . A substantial ground for dispute also exists where a court's challenged

19    decision conflicts with decisions of several other courts."  *APCC*, 297 F. Supp. 2d

20    at 107.  A district court's decision to certify its order does not mean that the district

21    court questions whether its own decision was correct, *see APCC*, 297 F. Supp. 2d at

22    107; it means that the court recognizes that there are "not insubstantial" arguments

23    to the contrary.  *Id.*

24            Here, the sole and controlling authority on point is the FCC Ruling,

25    which is in accord with CashCall's position.  *See* FCC Ruling ¶ 9 (finding that

26    "autodialed and prerecorded message calls to wireless numbers provided by the

27    called party in connection with an existing debt are made with the 'prior express

28    consent' of the called party").  Leckler's motion tacitly acknowledged that

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1  adherence to the FCC's position would end her lawsuit.  In fact, she specifically

2  asked that the Court "nullify the FCC ruling for purposes of this lawsuit."  (D.E. 35

3  at 2.)

4          This Court disagreed with the FCC Ruling's conclusion.  *See* Order at

5  7:24-25 ("The problems inherent in finding express consent based on conduct that

6  'in effect' amounts to express consent or 'is deemed' to amount to express consent

7  are self-evident and need no explanation.").  The Court also found that while

8  Leckler may have given consent to be called on her cell phone, that consent was not

9  specifically directed to calls using automated dialing systems or prerecorded

10  messages.  (Order at 6:16-21.)

11          As the Court noted, there is an absence of case authority interpreting

12  the meaning of "prior express consent" under 47 U.S.C. § 227(b)(1)(A) on similar

13  facts, and there is no case authority discussing the FCC Ruling.[2]  *See Paiute-*

14  *Shoshone Indians of the Bishop Community v. City of Los Angeles*, No. 1:06-cv-

15  0736 OWW SMS, 2007 WL 2202242, at *2 (E.D. Cal. July 30, 2007) ("the

16  question is whether [the issue] has ever been analyzed in the context of facts and

17  circumstances that resemble those of this case. . . . [N]one [of the other cases]

18  concerned factual circumstances similar enough to this case to provide clear

19  guidance.  There are substantial grounds for difference of opinion.").  The Court

20  also noted the conflicting inferences to be drawn from the TCPA's legislative

21  history.  (Order at 11:1-16 (noting FCC Ruling's citation to H.R. Rep. 102-317 at

22  17 (Nov. 15, 1991) and Leckler's citation to S. Rep. 102-178 at 3-4 (Oct. 8, 1991).)

23          In support of its ruling, the Court cited several state-law cases that

24  analyzed the meaning of express consent for the purposes of a different provision of

25  ─────────────────
[2] In *Satterfield v. Simon & Schuster*, No. C 06-2893 CW, 2007 WL 1839807 (June

26  26, 2007), the court determined that the plaintiff expressly consented to receive the
   defendant's solicitations by text message to her cell phone, by submitting the cell

27  phone number to the defendant on a web site that required her to indicate her
   agreement to the defendant's use of the cell phone number in connection with "any

28  text message offering or other campaign."

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1    the TCPA, Section 227(b)(1)(C), which pertains to unsolicited advertising sent by

2    fax. *See* Order at 8 (discussing, *inter alia*, *Weitzner v. Iridex Corp.*, No. 05-CV

3    1254 (RJD), 2006 WL 1851441 (E.D.N.Y. June 29, 2006); *Chair King, Inc. v. GTE*

4    *Mobilnet of Houston, Inc.*, 135 S.W. 3d 365, 394 (Tex.App. – Houston 2004),

5    *overruled on other grounds*, 184 S.W.3d 707 (Tex. 2006); *Travel Travel,*

6    *Kirkwood, Inc. v. Jen N.Y. Inc.*, 206 S.W. 3d 387, 392 (Mo. App. 2006).

7            CashCall respectfully submits that the state court decisions relied upon

8    by the Court are not analogous to the issue here, for three reasons. First, they

9    address different language in different provisions of the TCPA, 47 U.S.C.

10   §§ 227(b)(1)(C) and 227(a)(5), which pertain to unsolicited advertising transmitted

11   via fax, not to automated or prerecorded calls to cell phones. The separate statutory

12   sections respond to different legislative and regulatory concerns. *See* FCC Ruling

13   ¶ 7 (observing that "Congress found that automated or prerecorded telephone calls

14   were a greater nuisance and invasion of privacy than live solicitation calls, and that

15   such calls can be costly and inconvenient"); *Hooters of Augusta, Inc. v. American*

16   *Global Ins. Co.*, 272 F. Supp. 2d 1365, 1375 (S.D. Ga. 2003) (noting that Section

17   227(b)(1)(C) is designed in part to "redress harms to individuals who are forced to

18   absorb the costs associated with receiving unsolicited faxes"), *aff'd*, 157 Fed. Appx.

19   201 (11th Cir. 2005).

20           Second, the cited cases purported to rely on the plain language of the

21   TCPA to reject an FCC interpretation, which had created an exemption to the

22   prohibition on unsolicited faxed advertising where the sender and recipient had an

23   "existing business relationship" ("EBR").[3] *See Weitzner*, 2006 WL 1851441, at *2-

24   *3; *see also Biggerstaff v. FCC*, 511 F.3d 178, 181 (D.C. Cir. 2007). As it turned

---

[3] EBR is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5).

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

6            DEFENDANT'S MOTION FOR CERTIFICATION FOR
             INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1    out, Congress ultimately agreed with the FCC that such an exception was

2    appropriate, and in 2005, Congress enacted the Junk Fax Protection Act of 2005,

3    Pub. L. No. 109-21, 119 Stat. 359, in which it amended Section 227(b)(1)(C) to

4    expressly include an exception to the prohibition on faxed advertising where the

5    parties had an EBR. Thus, Congress essentially adopted the FCC's exception. As

6    Congress may be presumed to act with full knowledge of existing judicial

7    interpretation of the law, that amendment may be seen as responsive to these

8    judicial and administrative decisions. *See United States v. Alvarez-Hernandez*, 478

9    F.3d 1060, 1065 (9th Cir. 2006) ("We . . . 'presume that when Congress amends a

10   statute, it is knowledgeable about judicial decisions interpreting the prior

11   legislation.'") (citation omitted).

12        The third reason these cases do not provide guidance here is that they

13   are distinguishable. In this case, Leckler gave her consent because she disclosed

14   her cell phone number for the specific purpose of allowing CashCall to contact her

15   with respect to a particular loan transaction, and the calls were made with regard to

16   that loan. *See* FCC Ruling ¶ 10 ("We emphasize that prior express consent is

17   deemed to be granted only if the wireless number was provided by the consumer to

18   the creditor, and that *such number was provided during the transaction that*

19   *resulted in the debt owed.*") (emphasis added). It is reasonable to find express

20   consent in this context.

21        In contrast, the notion of a prior established business relationship as

22   constituting consent is far more attenuated. Thus, it was reasonable to conclude, as

23   those courts did, that transacting business in the past cannot amount to consent to

24   receive later unsolicited faxes seeking to advertise or promote the sender's business

25   as to any matter completely unrelated to the parties' prior dealings. *See, e.g.,*

26   *Weitzner*, 2006 WL 1851441 (discussing whether doctor's prior business

27   relationship with defendant amounted to consent to receive subsequent unsolicited

28   faxes advertising defendant's goods and services); *Chair King*, 135 S.W. 3d at 394

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1    (no presumptive permission for defendant to send fax advertisements to an existing

2    customer); *Travel Travel, Kirkwood*, 206 S.W. 3d at 392 (disclosure of fax number

3    through membership in trade association not consent to receive faxed

4    advertisements).

5         The sole on-point authority is the FCC Ruling, to which this Court did

6    not defer.  No alternative dispositive precedent exists in this Circuit or in any court;

7    indeed, this Court relied upon state cases interpreting a superseded version of a

8    different statutory section.  This Court's Order represents the sole published

9    authority discussing the FCC Ruling or addressing whether under these

10   circumstances there is express consent.  There is a substantial ground for difference

11   of opinion.

12   **C.    Appellate Resolution Would Materially Advance the Termination of the Litigation.**

13

14        Resolution of this question in favor of CashCall will materially

15   advance the ultimate termination of the litigation, because a ruling for CashCall

16   would mandate dismissal of Leckler's complaint.  *See Consub Delaware LLC v.*

17   *Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 313 (S.D.N.Y. 2007)

18   (certifying for appeal under Section 1292(b) the question whether electronic fund

19   transfers are "property" subject to the maritime attachment laws; "if [appellant]

20   prevails on appeal, the Rule B attachment will be vacated, which . . . the parties do

21   not dispute will result in the termination of this litigation").

22        All that would remain is CashCall's counterclaim pertaining to

23   Leckler's non-payment of her debt, a limited and significantly streamlined issue of

24   individual breach of contract, without any nuances of statutory interpretation or the

25   expense and burden of class proceedings.  There is no requirement that a question

26   certified pursuant to 28 U.S.C. § 1292(b) be dispositive of the entire action, as long

27   as it "materially affect[s] the outcome of the litigation in district court."  *In re*

28   *Cement*, 673 F.2d at 1026.  Even if early appellate guidance does not completely

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1  dispose of the case, the issues will be narrowed and streamlined, obviating

2  unnecessary litigation over irrelevant issues. *See Ryan v. Flowserve Corp.*, 444 F.

3  Supp. 2d 718, 723 (N.D. Tex. 2006) (courts should consider whether the

4  interlocutory appeal will "'speed up the litigation" or will "minimize burdens 'by

5  accelerating or . . . simplifying trial court proceedings'") (quoting 16 Wright, Miller

6  & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3930 (2d ed. 1996); other citation

7  omitted).

8          The parties submitted cross-motions for summary judgment based

9  upon stipulated undisputed facts, so no factual issues need to be resolved. The

10  motions present flip sides of a single, purely legal issue. If CashCall's analysis and

11  interpretation of the legal issue prevail on appeal, the bulk of the case – and the

12  entire putative class action, involving potentially "in the tens of thousands, if not

13  more" members and millions of dollars in damages – will be ended. (Order at

14  2:17-24 (citing complaint).) If the Ninth Circuit reaches a conclusion different

15  from that of this Court, it should do so now, prior to the lengthy – and expensive –

16  process of engaging in class certification discovery, depositions, pleadings and

17  argument. Conservation of judicial and party resources that could be avoided if the

18  court's judgment is reversed is an important consideration in granting certification

19  under 28 U.S.C. § 1292(b). *See APCC*, 297 F. Supp. 2d at 105. The vast scope of

20  this putative (and allegedly nationwide) class action renders it precisely the

21  "exceptional situation[] in which allowing an interlocutory appeal would avoid

22  protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026.

23          Moreover, swift appellate resolution may have broader impact beyond

24  this case. The FCC has only recently issued its Ruling, which now stands

25  definitively at odds with this Court's published decision, so resolution by an

26  appellate court may affect agency proceedings or cause the FCC to alter or amend

27  its position. Appellate interpretation might even lead to Congress acting to make

28  clarifying amendments to the statute itself, as it did in the 2005 amendments to the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT'S MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1  TCPA's fax provisions.  Thus:

2  > The industry as a whole would . . . benefit from a ruling from the
   > Court of Appeals, for not only will the resolution of these issues be
3  > dispositive of the cases before this Court, but it will provide persuasive
   > authority for courts in other jurisdictions, as well as for the FCC.
4

5  *APCC*, 297 F. Supp. 2d at 106-07 (granting a motion for 1292(b) certification).

6  ## IV.   A STAY OF PROCEEDINGS PENDING APPEAL IS WARRANTED.

7  A stay of proceedings pending the requested interlocutory appeal is

8  necessary in order to preserve the benefits that appellate resolution in CashCall's

9  favor would offer.  In addition to the approaching class certification briefing,

10  Leckler has recently served CashCall with discovery requests.  No purpose is

11  served in expending resources on these matters pending appellate resolution.

12  Where a stay is requested in the Section 1292(b) context:

13  > [B]y statute, this court has authority to stay the proceedings pending an
    > interlocutory appeal.  This court also possesses the inherent power to
14  > control its own docket and calendar.  "A district court has inherent
    > discretion to control the disposition of the causes on its docket in a
15  > manner which will promote economy of time and effort for itself, for
    > counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242,
16  > 244 (9th Cir.1972) (quotations and citations omitted).  In
    > *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, [708 F.2d 1458,
17  > 1465 (9th Cir.1983),] the Ninth Circuit recognized:

18  > A trial court may, with propriety, find it is efficient for its own docket
    > and the fairest course for the parties to enter a stay of an action before
19  > it, pending resolution of independent proceedings which bear upon the
    > case.  This rule ... does not require that the issues in such proceedings
20  > are necessarily controlling of the action before the court.  [citation
    > omitted] . . .
21
    > Because a reversal of this court's Order by the Ninth Circuit could
22  > materially affect this case and advance the ultimate termination of
    > litigation, the court stays this action in its entirety pending resolution
23  > of defendant's appeal of the Order. Said stay promotes economy of
    > time and effort both for the court and the parties.
24

25  *Watson v. Yolo County Flood Control & Water Conserv. Dist.*, 2:06-cv-1549 FCD

26  DAD, 2007 WL 4107539 (E.D. Cal. Nov. 16, 2007), at *2-*4.  Allowing discovery

27  and class certification proceedings to move forward while the appellate court is

28  considering the controlling legal issue would be illogical and would promote

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

10                      DEFENDANT'S MOTION FOR CERTIFICATION FOR
                        INTERLOCUTORY APPEAL [28 U.S.C. § 1292(B)

1  exactly the waste of resources that interlocutory review would prevent.

2  **V.    CONCLUSION**

3        For the foregoing reasons, CashCall requests that certification be

4  granted and further proceedings stayed pending appellate resolution.

5  Dated:  June 6, 2008            Respectfully submitted,

6                                  FINLAYSON, AUGUSTINI & WILLIAMS LLP

7                                  MANATT, PHELPS & PHILLIPS, LLP

8

9                                  By: _____

10                                 Brad W. Seiling
                                   *Attorneys for Defendant* CashCall, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Brigette Scoggins, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On June 6, 2008, I served a copy of the within document(s):

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES [28 U.S.C. § 1292(b)]

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Douglas J. Campion, Esq.
LAW OFFICES OF DOUGLAS J. CAMPION
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 6, 2008, at Los Angeles, California.

_Brigette Scoggins_
Brigette Scoggins