United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA LECKLER, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CASHCALL, INC.,<br><br>Defendant. | No. C 07-04002 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE, DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND DISMISSING ACTION WITHOUT PREJUDICE** |

On November 21, 2008, the Court heard oral argument on plaintiffs' motion for leave to file an amended complaint and defendant's motion to vacate the Court's prior order and dismiss the case. Having considered the arguments of the parties and the papers submitted, and for good cause shown, defendant's motion to vacate is GRANTED, defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED and plaintiff's motion for leave to amend is DENIED.

**BACKGROUND**

This case involves a class action challenge to defendant money lender's collection activities. The challenged activities include using prerecorded messages and an automatic telephone dialing system, i.e. an autodialer, to place calls to cell phone numbers.

On May 20, this Court ruled on the parties' cross-motions for partial summary judgment. The parties had stipulated to undisputed facts and sought summary judgment on the narrow issue of whether defendant violated the Telecommunications Consumer Protection Act ("TCPA") when it placed telephone calls to plaintiffs' cell phone numbers using an automatic dialing system and prerecorded

messages. In ruling on the parties' cross-motions, the Court considered a declaratory ruling by the Federal Communications Commission ("FCC") released on January 4, 2008. The FCC ruled that such autodialed and prerecorded message calls to wireless numbers do not violate the TCPA when the called party provides the number to a creditor in connection with an existing debt. *See* FCC Declaratory Ruling, FCC 07-232 (Dec. 28, 2007) ("FCC declaratory ruling"). The Court held that the FCC's ruling was manifestly contrary to the plain language of the TCPA and unreasonable, and thus not entitled to agency deference under *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837 (1984). *See* Order, at 10 ("May 20 Order") [Docket No. 45]. The Court therefore held that defendant violated the TCPA when it called plaintiffs' cell phones using an autodialer and prerecorded messages and granted partial summary judgment to plaintiffs. *See id.*

On June 6, 2008, defendant moved for this Court to certify an order for an interlocutory appeal to the Ninth Circuit on same issue, i.e. whether a borrower who provides a lender her cell phone number in connection with a loan transaction has granted "prior express consent" for the lender to call that number using an autodialer and prerecorded messages, for the purposes of the TCPA. *See* Def. Mot. for Certification of Order for Interlocutory Appeal. [Docket No. 46]

On August 11, 2008, defendant moved to vacate the Court's May 20 Order and dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Def. Mot. to Dismiss. [Docket No. 53] Defendant argued, for the first time, that under the Hobbs Act, 28 U.S.C. § 2342, the federal courts of appeal have exclusive jurisdiction over all final FCC orders. According to defendant, this Court had no jurisdiction to review the FCC's declaratory ruling, so the May 20 Order should be vacated and plaintiff's action dismissed.

Plaintiffs opposed defendant's motion to dismiss but agreed with defendant's Hobbs Act analysis and joined in defendant's request to vacate the May 20 Order. *See* Pl. Opp. to Def. Mot. to Dismiss. [Docket No. 59] On October 10, 2008, plaintiffs moved for leave to file an amended complaint naming Miguel Madrigal as a class representative. [Docket No. 60] Defendant opposed the motion. [Docket No. 66] Plaintiffs' reply brief proposed Virginia Lopez as a new class representative. [Docket No. 68]

Now before the Court are defendant's motions to vacate the May 20 Order and to dismiss for lack of subject matter jurisdiction, and plaintiffs' motion for leave to file an amended complaint.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15, leave to amend should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a); *see also Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("We have stated that this policy is to be applied with extreme liberality.") (citation omitted). Rule 15 embodies a strong federal policy in favor of deciding cases on their merits. Thus, leave to amend is freely given unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Owens*, 244 F.3d at 712 ("In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.' ") (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999)). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1191-92 (9th Cir. 1973).

**DISCUSSION**

**1.     This Court Did Not Have Jurisdiction to Review the FCC's Declaratory Ruling**

The Court agrees with both parties that it did not have jurisdiction to review the FCC's declaratory ruling. "The Hobbs Act, 28 U.S.C. § 2342, gives the federal courts of appeals 'exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47.'" *US West Communications, Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. 2000) (citing 28 U.S.C. § 2342). "Section 402(a), in turn, encompasses '[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under [the Communications Act of 1934, as amended by the

Telecommunications Act of 1996],' with exceptions not relevant here."[1] *Id.* (citing 47 U.S.C. § 402). "'Together, these two statutes vest the courts of appeals with exclusive jurisdiction to review the validity of FCC rulings.'" *Id.* (citing *Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 396-97 (9th Cir. 1996)). "Aggrieved parties may invoke this exclusive jurisdiction 'only by filing a petition for review of the FCC's final order in a court of appeals naming the United States as a party.'" *Id.* (citing *US West Communications v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1120 (9th Cir. 1999)); *see also* 28 U.S.C. §§ 2342, 2344.

The FCC's declaratory ruling is a "final order" for the purposes of 28 U.S.C. § 2342 because it was the agency's final decision interpreting the "prior express consent" provision of the TCPA and, as this case makes clear, the ruling determines legal rights and obligations. *See US West*, 224 F.3d at 1055 ("agency orders are 'final orders' for the purposes of the Hobbs Act if they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process."). The federal courts of appeals had exclusive jurisdiction over plaintiffs' challenge to the FCC's declaratory ruling. This Court's decision on this matter therefore must be vacated. *See Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) ("It is well settled that a judgment is void if the court that considered it lacked jurisdiction of the subject matter . . .") (citations omitted). Accordingly, this Court's May 20 Order is VACATED.

**2.      This Court Retains Jurisdiction Over This Case**

The parties dispute whether the case must now be dismissed for lack of subject matter jurisdiction. Defendant argues that under *Wilson v. A.H. Belo Corp.*, 87 F.3d 393 (9th Cir. 1996), a case must be dismissed when a district court finds that it lacks jurisdiction under the Hobbs Act. Plaintiffs respond that this Court had jurisdiction over the case pursuant to the Class Action Fairness Act ("CAFA") and that this basis for jurisdiction remains intact despite the Court's ruling that it did not have jurisdiction over plaintiffs' challenge to the FCC's decision.

---

[1] Section 402(b) enumerates nine situations in which FCC decisions may be appealed to the to the D.C. Court of Appeals. Those exceptions were not relevant in *US West* and are not applicable in this case, either.

4

Plaintiffs are correct that this Court continues to have jurisdiction over the case. In their complaint, plaintiffs asserted diversity jurisdiction under the CAFA because (1) plaintiffs seek damages of $1500 that, when aggregated among the proposed class, will purportedly exceed the $5 million threshold for federal jurisdiction and (2) they allege a national class that will result in at least one class member belonging to another state. *See* 28 U.S.C. § 1332(d)(2). This basis for jurisdiction remains unchanged.

*Wilson* does not require a contrary result. In that case, the Ninth Circuit held that the district court was divested of jurisdiction to decide the case because the FCC's order was determinative of all issues in the case. *See* 87 F.3d at 400. The plaintiffs in *Wilson* sought to recover their alleged overpayments for political advertising. While the case was pending, the FCC issued a ruling that it had exclusive jurisdiction to decide plaintiffs' claims, that federal law preempted any state law causes of action, and that there was no private right of action. *See id.* at 395. The FCC ruling left no issue for the district court to adjudicate, so the court dismissed for lack of subject matter jurisdiction and the Ninth Circuit affirmed. *Id.* at 400. Defendant argues that under *Wilson*, this case must be dismissed because the basis for jurisdiction was plaintiffs' challenge to a final order of the FCC. *See* Def. Reply in Supp. of Mot. to Dismiss, at 6.

This case is unlike *Wilson* because plaintiffs have ceded their challenge to the FCC decision. Defendant responds that the FCC ruling is nonetheless dispositive of all issues in the case. Issues will remain, however, if plaintiffs amend their complaint to name a class representative whose claims are not implicated by the FCC ruling. The Court therefore retains jurisdiction to decide whether to grant plaintiffs leave to amend. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

**3.     Plaintiffs' Motion for Leave to Amend Their Complaint is Denied**

The parties dispute whether plaintiff should be granted leave to amend her complaint to name Virginia Lopez as the named plaintiff. Ms. Lopez is plaintiffs' third proposed class representative. Plaintiffs claim that a borrower listed Ms. Lopez as a reference and that defendant proceeded to make harassing calls to Ms. Lopez at a cell phone number she never provided to defendant. *See* Pl. Reply in

5

Supp. of Mot. for Leave to Am., at 2 n.1. She therefore purports to represent a class consisting of "all persons within the United States who received any telephone call from Defendant to said person's cellular phone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice," and who did not provide that telephone number to defendant. *See* [Proposed] First Amended Complaint, ¶ 16. Plaintiffs argue that this class is the same as the one in the original lawsuit, but that the proposed class now omits all borrowers who provided their cell phones to defendant and whose claims would thus be barred by the FCC ruling. Defendant responds that through their motion for leave to amend, plaintiffs attempt to plead an entirely different lawsuit.

The Court agrees with defendant that plaintiffs fundamentally change the lawsuit by seeking recovery for people listed as references of defendant's borrowers, rather than for the borrowers themselves. The more appropriate procedure is for plaintiffs to file a new lawsuit on behalf of a class that does not include claims by borrowers who were called at cell phone numbers they provided to defendant. Accordingly, plaintiffs' motion for leave to amend is DENIED.

It would appear that this decision leaves the case without a named plaintiff who has a viable claim. Ms. Lopez is free to file a new case on behalf of a new class, should she desire to do so, but this action is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiffs' motion for leave to amend, VACATES this Court's May 20 order, and dismisses this action without prejudice. This decision moots defendant's motion for an interlocutory appeal of the May 20 Order.

**IT IS SO ORDERED.**

Dated: 11/21/09

SUSAN ILLSTON
United States District Judge